GEORGIA RAILROAD & BANKING CO. *v.* KEENER, adm'r.

Where household goods were shipped by rail under a special contract in writing, expressed in the bill of lading, whereby, in consideration of a reduced rate of freight, the liability of the railroad company, in case of loss, was limited to an arbitrary valuation of $5 per hundred pounds, and a portion of the goods were stolen after arrival at destination, but before the carrier's responsibility as such was terminated, there being no evidence showing how or under what circumstances the theft occurred, presumptively the loss was occasioned by the company's negligence, and this being so, it was liable for the full value of the goods so lost. The contract would exempt from the insurance liability imposed by law, as to loss not occasioned by negligence. The contract of shipment was not one limiting value by express agreement, but one in which there was no attempt to estimate the value.

July 16, 1894.  By two Justices.

Complaint for damages. Before Judge RONEY. Richmond superior court. April term, 1893.

J. B. CUMMING and BRYAN CUMMING, for plaintiff in error.  HAMILTON PHINIZY, by brief, *contra.*

SIMMONS, Justice.

Prather shipped over the defendant's railroad a quantity of household goods and a trunk containing wearing

apparel. The goods reached their destination, and while the car in which they were shipped was standing on a side-track waiting for the plaintiff to call for his property, the trunk was lost. The plaintiff sued the railroad company for the value of the property lost, which he alleged to be $55, and obtained a verdict for that amount. It appeared from the evidence at the trial that this was the actual value of the trunk and its contents, but the defendant claimed that under the contract of shipment it could not be held liable for more than $5 for each hundred pounds lost. The court charged the jury, that if the defendant was liable, they might look to the value of the goods that were lost, as the amount which the plaintiff would be entitled to recover; and to this charge the defendant excepted. It appears that at the time the goods were shipped, the plaintiff went to the agent of the defendant and asked for rates, telling him that he wanted to ship wearing apparel and household furniture, and the agent replied that the lowest rate he could make was 37 cents per hundred pounds, which was a "released rate, that is $5 per 100 pounds valuation." The plaintiff thereupon told the agent that he would ship that way, and took a shipping receipt on which were the words, "Released, $5 valuation," followed by the plaintiff's name. It was contended that this released the defendant from liability for more than the valuation stated.

Where a shipper enters into an express contract with a common carrier, by which he agrees in consideration of a reduced rate of freight that the carrier shall not be liable for more than a stated sum in case the goods shipped are lost while in the carrier's possession, the contract will be upheld as to loss not involving negligence on the part of the carrier; but carriers cannot by any special contract exempt themselves from liability for loss occasioned by their negligence; and this is so

as well where the contract provides for partial or limited exemption as where it contemplates total exemption from liability. The shipper, it is true, may, by his representations or agreement as to the value of the goods, estop himself from recovering their full value, notwithstanding they are lost through the carrier's negligence. This would be the case, if, upon being required at the time of shipment to state the value of the goods, the shipper misled the carrier by stating a sum less than their value (Code, §2080), or if the shipper and the carrier agreed upon a certain sum as the actual value of the goods and the charge for freight was based upon that valuation. See on this subject, Hutchinson on Carriers, 2d ed., §250, and cases cited; Hart *v.* Railroad Co., 112 U. S. 331; Chicago etc. Ry. Co. *v.* Chapman (Ill.), 23 Am. State Rep. 587, and notes; Alair *v.* Railroad Co. (Minn.), 39 Am. State Rep. 588; also collection of cases in 29 Am. Law Register (1890), p. 771. But the principle which relieves the carrier from liability for more than the agreed value does not apply where the valuation is merely arbitrary and fixed without reference to the real value of the goods, and this is understood by the carrier as well as the shipper. In the present case there was no inquiry on the part of the carrier as to the value of the goods, and it is clear that a valuation of $5 per 100 pounds for wearing apparel and household goods indiscriminately could not have been understood to represent their actual value. The contract in question was simply an attempt to limit the liability of the carrier, without regard to the actual value of the property; and it follows from what we have said that it was inoperative for that purpose, if the loss was occasioned by negligence on the part of the defendant. There being no explanation as to how the loss occurred, the presumption is that it resulted from the defendant's negligence. A verdict in favor of the plain-

tiff for the actual value proved was therefore proper, and the court did not err in denying a new trial.

Counsel for the plaintiff in error relied upon the case of *Georgia Railroad Co.* v. *Reid*, 91 *Ga.* 377, in which this court treated as valid a stipulation in a contract for the shipment of live stock, which provided that in case of damage the amount claimed for a mule should not exceed $125. In that case, however, the question here ruled upon was not made, nor was it decided that such a stipulation would be good in a case in which the negligence of the carrier caused or contributed to the damage. The sole ground of attack upon the stipulation in that case was, that no consideration existed for it, the plaintiff contending that the rate of freight charged and collected was not a reduced rate. Besides, such a contract, as we have said, would be valid as to loss not involving negligence on the part of the carrier, and the evidence in that case tended to show that the damage resulted from a cause which did not involve such negligence. See opinion in *Savannah, Florida & Western Ry. Co.* v. *Sloat*, this term (*ante*, 803), 20 S. E. Rep. 221. In the case last cited the precise question now decided was not made; but it is presented in the case at bar, and our judgment as to what the true law is has been stated.

*Judgment affirmed.*