SHROYER v. CHICAGO, R. I. & G. RY. CO.
(No. 157–3129.)

(Commission of Appeals of Texas, Section B.
June 23, 1920.)

**1. Carriers ⬦218(1)—Interstate carrier not estopped to set up limitation of time for action.**

Provision in contract for interstate shipment of live stock that in consideration of lower rate no action against the carrier shall be maintained unless commenced within six months, is valid, and cannot be avoided by the shipper on ground that the carrier is estopped to set it up.

**2. Carriers ⬦35 — Interstate carrier cannot waive requirement of Commerce Act or stipulation of contract thereunder.**

No interstate carrier can waive a requirement of the Interstate Commerce Act, or stipulation of contract made pursuant thereto.

**3. Carriers ⬦35—Interstate carrier cannot estop itself to invoke limitation of time to sue.**

Representatives of interstate carrier cannot, by conversations, letters, and negotiations extending beyond time limited for suit by contract pursuant to the Interstate Commerce Act, estop the carrier to assert and invoke the limitation against the shipper.

**4. Commerce ⬦8(12)—Carmack Amendment withdraws determination of validity of shipping contracts from state law.**

The Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa) to the Interstate Commerce Act has withdrawn the determination of the validity of all stipulations in interstate shipping contracts from state law or legislation.

**5. Carriers ⬦32(1) — No discrimination by interstate carriers between shippers permitted.**

Under the Interstate Commerce Act and the Carmack Amendment thereto (U. S. Comp. St. §§ 8604a, 8604aa) no discrimination will be permitted, directly or indirectly, by interstate carriers as between shippers.

**6. Courts ⬦97(5)—Construction of interstate bill of lading a federal question.**

Question of construction of interstate bill of lading under the Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa) and the Interstate Commerce Act is a federal question.

**7. Carriers ⬦30—Shipper charged with notice of interstate tariffs.**

Every shipper in interstate commerce is charged with notice of the terms of interstate tariffs governing his shipment.

**8. Courts ⬦97(5)—Federal law controls interpretation of Interstate Commerce Act.**

If any state law or the holding of any state court conflicts with the Interstate Commerce Act or the interpretation put upon it by the Supreme Court of the United States, the federal law controls.

**9. Carriers ⬦218(5) — Stipulation limiting time for suit a "regulation affecting rates," and not binding where not filed.**

Stipulation of contract for interstate shipment of live stock in consideration of lower rate that no action against the carrier for any loss should be maintained unless commenced within six months *held* a regulation affecting rates within the Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa) to the Interstate Commerce Act, so that it was not binding on a shipper where it was not filed as a part of the schedule of rates with the Interstate Commerce Commission.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by W. H. Shroyer against the Chicago, Rock Island & Gulf Railroad Company. From judgment for plaintiff, defendant appealed to the Court of Civil Appeals, which reversed and remanded (197 S. W. 773), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and judgment of the trial court affirmed.

W. A. Davidson, of Amarillo, for plaintiff in error.

N. H. Lassiter, of Ft. Worth, and C. E. Gustavus, of Amarillo, for defendant in error.

KITTRELL, J. Plaintiff in error sued defendant in error for damages arising out of an interstate shipment of cattle, and recovered judgment. On appeal that judgment was reversed and the cause remanded by the Court of Civil Appeals of the Seventh District. The report of the case is to be found in 197 S. W. 773, and the carefully considered and able opinion of Chief Justice Huff clearly reveals what issues were involved, and the holding of the court with relation thereto.

The question on the decision of which the opinion is in the main based was apparently raised on motion for rehearing for the first time. There were, however, several assignments of error presented, but the defense was based in the main on the ground that the plaintiff had not brought suit within six months after his cause of action accrued, as was required by the contract under which the shipment was made.

[1] By way of avoidance of that defense plaintiff pleaded certain facts by way of estoppel, to the effect that the representatives of the railway company had by their statements and letters induced him to believe that the six-month limitation would not be insisted on, but would be waived, and the Court of Civil Appeals, without setting forth the evidence, treated it as sufficient to show waiver by estoppel. We do not deal with the questions so ably discussed by the Court of Civil Appeals with the expectation of being able to add to or improve upon its opinion; but, since the memorandum of the Com-

mittee of Judges which granted the writ shows that it was granted because of the great importance of the question involved, without any expression of opinion as to the correctness of the holding, additional observations on our part may be helpful to the bar and courts in similar cases which may arise in the future. The Court of Appeals held that the six-month limitation provision was valid, and that estoppel could not be interposed to prevent its application to the case as a defense. With that holding we fully agree. To allow the force and effect of the limitation to be avoided on the ground of estoppel would be to allow that to be done indirectly which cannot be done directly.

[2] One of the controlling purposes in enacting the Interstate Commerce Act originally, as well as the amendments thereto, was to prevent the evils arising out of discrimination between shippers on the part of carriers, which had grown to harmful proportions; therefore the right or power to discriminate between shippers in any matter relating to interstate shipments was taken away by the federal statute, and no carrier can waive any requirement of the statute or any stipulation of any contract made pursuant thereto.

[3] If the representatives of a railroad company could by conversations and letters and negotiations extending beyond the statutory or contract limit of time to bring suit set estoppel in operation so that the carrier could not assert and invoke the statutory right given it, which is part of the contract of shipment, their action would, in effect, amount to the equivalent of a waiver, and would operate to enable the carrier to discriminate between shippers, and thereby virtually nullify the statute. Georgia, etc., v. Blish, etc., 241 U. S. 197, 36 Sup. Ct. 541, 60 L. Ed. 948, and authorities cited; Southern, etc., v. Prescott, 240 U. S. 638, 36 Sup. Ct. 469, 60 L. Ed. 836; St. Louis, etc., v. Landa (Civ. App.) 187 S. W. 358.

The Interstate Commerce Act has been the subject of judicial decision by the court of ultimate resort in many cases, and the Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa) has been repeatedly construed, interpreted, and applied.

[4] It is clear beyond doubt or debate that the amendment has withdrawn the determination of the validity of all stipulations in interstate shipping contracts from state law or legislation. Adams, etc., v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Michigan, etc., v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176.

[5] No discrimination will be permitted directly or indirectly as between shippers.

The limitation of the time within which to bring actions is a usual and reasonable provision, and nothing in the Carmack Amendment is violated by such agreement.

[6, 7] The question of the construction of an interstate bill of lading is a federal question. Every shipper is charged with notice of the terms of the interstate tariffs governing his shipments.

[8] If any state law or the holding of any state court conflicts with the provisions of the federal statute, or with the interpretation put upon it by the Supreme Court of the United States, the federal law will control. Authorities supra; M., K. & T., etc., v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; Western, etc., v. Leslie, 242 U. S. 448, 37 Sup. Ct. 133, 61 L. Ed. 423; Southern, etc., v. Prescott, 240 U. S. 632, 36 Sup. Ct. 469, 60 L. Ed. 836.

The appellee, plaintiff in error here, stated in his motion for rehearing in the Court of Civil Appeals that it was not disputed by him that the court's holding that the stipulation could not be waived was correct, if the stipulation was enforceable in the first place, but contended that it was not valid, but was void because it was not a part of the schedule filed with the Interstate Commerce Commission. On the other hand, appellant, defendant in error here, contends that the stipulation as to bringing suit in six months was not required to be filed. The contentions of opposing counsel revolve around this single point. The question is one concerning which lawyers and courts may reasonably differ. While Chief Justice Huff discusses it with persuasive force, yet he admits it is not free from difficulty and doubt by saying:

"The presentation of the question upon motion [for rehearing] by appellee has been forceful, and it appears to us may be a reasonable interpretation of the statute, but, after examining quite a number of cases by the Supreme Court we find no case passing upon provisions of like kind that will justify us in reaching the conclusion that that court has ever placed its holding as to the validity of such limitations in bills of lading upon the ground that such provision must first be filed with the Interstate Commerce Commission as part of the carrier's rate sheet."

[9] The Supreme Court has indicated to us that the stipulation in the bill fixing the short period of six months for the institution of the suit was clearly a determinative element of the rate charged the shipper; indeed, was in a chief measure the consideration, the justification for the rate; that the statute declares that any regulation which in any wise affects or determines the rate shall be filed with the Interstate Commerce Commission as a part of the carrier's schedule of rates. The purpose of this must have been to acquaint the shipper with any rule or regulation having the character of a determinative factor in the making of the rate, and by which, because of this, the shipper would be bound if he accepted the rate. In fairness, he would be entitled to that knowledge so as to enable him to choose properly between the higher and the lower rate, and it should

therefore be assumed that the intention of the statute was to afford it to him. The ultimate decision of the question rests with the United States Supreme Court, but it has not yet determined it. Upon this view of the question the holding is based that the stipulation was a regulation affecting the rate within the meaning of the federal statute. This being true, it was not binding on plaintiff in error under the admitted facts, and the Court of Civil Appeals erred in holding to the contrary.

The proper judgment to be rendered is to reverse the judgment of the Court of Civil Appeals and affirm the judgment of the district court, and we so recommend.

PHILLIPS, C. J. We approve the judgment recommended in this case.