AMERICAN RAILWAY EXPRESS COMPANY *v.* BAILEY.

FISH, C. J. 1. Where an agent of a shipper presented a package to the agent of an express company for intrastate shipment, and neither agent knew the contents or the value of the package offered, and the shipper's agent was informed by the agent of the carrier that the latter must know the value of the contents of the package before it would undertake its transportation, and where the agent of the express company suggested orally a valuation of $50, whereupon the shipper's agent replied that that amount would be " a sufficient valuation," and signed a written express receipt in which $50 was inserted as the shipper's declared value of the package, and the express company based its transportation rate on such valuation; and where the package was lost or destroyed in the course of transportation, and the shipper brought suit to recover the true value of the contents of the package, which was alleged to be $638: *Held,* that the valuation placed upon the package by the two agents was an arbitrary valuation, and the shipper would be entitled to recover the real value of the package proved on the trial of the case. *So. Ex. Co. v. Hanaw,* 134 *Ga.* 445 (67 S. E. 944, 137 Am. St. R. 227); *Adams Ex. Co. v. Mellichamp,* 138 *Ga.* 443 (75 S. E. 596, Ann. Cas. 1913D, 976); *Georgia So. etc. R. Co. v. Johnson,* 121 *Ga.* 231, 238 (48 S. E. 807); *Central etc. Ry. Co. v. Hall,* 124 *Ga.* 322 (52 S. E. 679, 4 L. R. A. (N. S.) 898, 110 Am. St. R. 170, 4 Ann. Cas. 128).

2. Under the record in this case the Court of Appeals did not err in reversing the judgment of the trial court, which directed a verdict for the plaintiff in error in the sum of $50, the amount stated in the express receipt; and in holding that the arbitrary valuation agreed upon between the agent of the shipper and the agent of the carrier can not be held as a matter of law to be a bona fide effort between the carrier and the shipper to fix the value of the package. The judgment of the Court of Appeals is therefore

*Affirmed. All the Justices concur, except Gilbert, J., absent, and Beck, P. J., and Hines, J., dissenting.*

No. 2826. AUGUST 18, 1922. REHEARING DENIED SEPTEMBER 20, 1922.

Certiorari; from Court of Appeals. 27 *Ga. App.* 364.

*Robert C. & Philip H. Alston, Blair Foster, Jones, Park & Johnston,* and *H. E. Riddell,* for plaintiff in error.

*Powers & Powers,* contra.

The opinion of the court appears in the headnotes.

HINES, J., dissenting. I can not agree to the conclusion reached by the majority of the court. Where by the act of the parties there is a bona fide valuation of the package shipped, or where the contents of such package are unknown to the carrier and the valuation thereof is declared by the shipper's agent, who delivers the same for the shipper to the carrier for transporation, and who signs the shipper's name to the receipt of the carrier for the package, in which the shipper declares the value of the package, and on the valuation so placed by the shipper on the package the shipper obtains a lower express rate, the shipper is estopped from recovering beyond the valuation thus fixed; although neither the carrier nor the shipper's agent knew the value of the contents of the package, although such valuation was much below the true value of the package, and although the value declared by the shipper was the result of a suggestion from the agent of the carrier as to placing such valuation thereon, so that the package could be sealed and thus carried under the sanctity of a seal, and although the agent of the shipper at the time stated that all he wanted was such a valuation as would secure safe carriage and delivery. *Ga. R. Co.* v. *Keener,* 93 *Ga.* 808 (21 S. E. 287, 44 Am. St. R. 197) ; *Central of Ga. Ry. Co.* v. *Murphey,* 113 *Ga.* 514 (38 S. E. 970, 53 L. R. A. 720) ; *So. Ry. Co.* v. *Horner,* 115 *Ga.* 381 (2) (41 S. E. 649) ; *G. S. & F. Ry. Co.* v. *Johnson,* 121 *Ga.* 231 (supra) ; *Central of Ga. Ry. Co.* v. *City Mills,* 128 *Ga.* 841 (58 S. E. 197) ; *A. & W. P. R. Co.* v. *Fairburn Marble Co.,* 145 *Ga.* 708 (89 S. E. 817). In *Adams Express Co.* v. *Mellichamp,* 138 *Ga.* 443 (supra), the value was not declared by the shipper. I am authorized to say that Justice BECK agrees with me in this dissenting opinion.