## 13603. AMERICAN RAILWAY EXPRESS CO. *v.* DANIEL.

1. Where a carrier seeks to limit its liability to the declared or agreed value contained in the contract of shipment, as provided in the second Cummins amendment, of August 9, 1916, such declared or agreed value must be declared or agreed upon knowingly and understandingly by the shipper and the carrier and for the purpose of securing the reduced rate authorized by the amendment. While a receipt given to the shipper by the carrier for goods received for transportation will, when accepted by the shipper, operate as a contract between the parties, a recital in the receipt of a certain valuation of the property, even though the carrier exacted a lower authorized rate adjusted to such valuation, does not, without more, constitute an agreement knowingly and understandingly made by the shipper and the carrier for the purpose of securing a reduced rate of transportation.

2. A certain correct instruction by the court to the jury, giving a rule of law not applicable to the issue being tried, where harmless when the true rule applicable is elsewhere properly given in charge to the jury, is not ground for reversal.

DECIDED FEBRUARY 27, 1923. REHEARING DENIED MARCH 2, 1923.

Action for breach of contract; from Madison superior court — Judge W. L. Hodges. April 4, 1922.

Application for certiorari was granted by the Supreme Court.

*Alston & Alston, Foster & Moise, Clarence E. Adams,* for plaintiff in error. *Berry T. Moseley,* contra.

STEPHENS, J. 1. This is a suit by a shipper against a carrier to recover the actual value of goods lost in an interstate shipment through the alleged negligence of the carrier, where the carrier in its plea admits that the property was received for transportation and was lost through its negligence, but defends solely upon the ground that its liability was limited to a valuation of $50, which it contends was agreed upon in the contract of shipment. A verdict for $100 was rendered for the plaintiff, which was for an amount authorized by the evidence as representing the true value of the property lost. The carrier excepts upon the ground that, under the law and the evidence, it is not liable in an amount in excess of the alleged agreed valuation of $50.

While a carrier can not by a contract with a shipper exempt itself from liability for its own negligence or that of its servants in case of loss or damage to the article shipped, a carrier in interstate commerce may, by an agreement with the shipper, fairly and understandingly made, where the shipper is given a consideration

in the choice of a lower rate based upon a declared or agreed value of the article shipped, limit its liability to the value agreed upon. Adams Express Co. *v.* Croninger, 226 U. S. 491 (33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A. (N. S.) 257); Union Pac. R. Co. *v.* Burke, 255 U. S. 317, 321 (41 Sup. Ct. 283). See also, in this connection: *American Railway Express Co.* v. *Bailey,* 154 *Ga.* 96 (113 S. E. 551); Pierce Co. *v.* Wells Fargo & Co., 236 U. S. 278 (35 Sup. Ct. 351, 59 L. ed. 576); Mo., Kan. & Tex. R. Co. *v.* Harriman, 227 U. S. 657 (33 Sup. Ct. 387, 57 L. ed. 690); Wells Fargo & Co. *v.* Neinan-Marcus Co., 227 U. S. 469 (33 Sup. Ct. 267, 57 L. ed. 600). This is the settled Federal law as laid down in Adams Express Co. *v.* Croninger, supra, and cases following it. This rule is in no wise changed by the provisions of the second Cummins amendment, of August 9, 1916. This amendment provides that the carrier shall not be relieved of liability for the full amount of the actual loss or damage sustained, notwithstanding any agreement made limiting its liability to a declared or agreed value placed upon the article shipped, unless the carrier is authorized by the interstate-commerce commission to establish and maintain rates " dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property." According to this provision this declared or agreed value, before it can operate to limit the amount of the carrier's liability, must be in writing, and it must also be declared and agreed upon as the released value of the property knowingly and understandingly and for the purpose of securing the lower rate. A value arbitrarily placed by the carrier upon the property presented for transportation, even though the reduced rate determinable by such valuation is charged the shipper, which is not the result of a choice freely and understandingly made by the shipper for the purpose of securing the reduced rate, will not amount to such a declared or agreed valuation, based upon a reduced rate charged, as will operate to relieve the carrier from liability for the full actual loss or damage.

In the case before us it does not appear that the shipper made any declaration as to the value of the article shipped. Nor does it appear that the $50 valuation placed upon the shipment by the agent of the defendant carrier, which was less than the true value, even though acquiesced in by the agent of the shipper, was,

if agreed upon, agreed upon as a reduced value knowingly and understandingly and for. the purpose of securing the benefit of the reduced rate. In fact it does not appear that the shipper's agent who delivered the package to the carrier had any information whatsoever that the carrier was authorized to charge a reduced rate based upon a reduced valuation. It furthermore appears that the agent of the shipper was ignorant of the value of the contents of the package presented for transportation, and the agent of the carrier receiving the package was aware of this ignorance, and upon the professed inability of the agent for the shipper to declare the value of the articles presented for transportation, the carrier's agent suggested the value of $50, which was placed upon the property shipped and a rate made accordingly.

The contention of counsel for the plaintiff in error, that under the authority of American Ry. Ex. Co. *v.* Lindenburg (U. S.), 43 Sup. Ct. 206, the acceptance of a receipt for the property presented for transportation, given by the carrier to the shipper in this case established a contract limiting the carrier's liability to $50, the valuation actually placed upon the property, is unavailable to the plaintiff in error, since the receipt is not in evidence, and the parol evidence as to its contents does not show that the receipt contained any agreement between the carrier and the shipper whereby the shipper agreed to a reduced value for the purpose of securing a reduced rate. Evidence to the effect that the $50 valuation placed upon the contents of the shipment was recited in the receipt does not, without more, establish that the receipt contained an agreement whereby the shipper consented to the $50 valuation for the purpose of securing the reduced rate charged.

2. Where the court instructed the jury favorably to the defendant carrier, that one who is entrusted with property by the owner for the purpose of delivering it to a carrier for transportation presumably has authority to agree with the carrier upon the terms of shipment, and that, in the absence of any knowledge by the carrier that such agent is exceeding his authority and is violating his instructions from his principal when entering into an agreement with the carrier as to the value of the property, the owner of the property is bound by such agreement, an instruction to the jury to the effect that persons dealing with a special agent

for a particular purpose should examine such special agent's authority was, if error, harmless.

3. Under the above rulings, no reversible error appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*