## A. C. LAWRENCE LEATHER CO. v. COMPAGNIE GÉNÉRALE TRANSATLANTIQUE.

(District Court, S. D. New York. February 13, 1926.)

1. Carriers ⟐158(1)—Limitation of liability sustained only where choice of rates has been given and limitation made basis of reduced rate.

Limitation of liability by carriers to amount of stipulated valuation will only be sustained in cases in which choice of rates has been given to shipper and limitation made basis of reduced rate.

2. Shipping ⟐140—Shipper was entitled to full recovery under bill of lading limiting carrier's liability on failure to declare value, but not affecting reduced rate thereby.

Shipper was entitled to full amount of damages under bill of lading, limiting steamship carrier's liability to stipulated amount on failure of shipper to declare value, where such failure did not affect reduced rate and limitation of carrier's liability was not because of reduced rate.

In Admiralty. Libel by the A. C. Lawrence Leather Company against the Compagnie Générale Transatlantique. Decree for libelant.

Crowell & Rouse and E. Curtis Rouse, all of New York City, for libelant.

Joseph P. Nolan, of New York City, for respondent.

BONDY, District Judge. This suit is brought to recover the value of 332 packages of green salted skins, which the re-

spondent agreed to carry from Havre, France, to Boston, Mass. The bill of lading provided:

"In case of losses or irregularity in the delivery for which they would be responsible for any cause, or at any place whatever, the captain and the company can only be held to reimburse for each package lost, the intrinsic value at the loading port, calculated on presentation of the original invoice or upon the declaration on the bill of lading without any profit, damages, commission, interest, etc. In the default of declaration of value on the bill of lading, it shall not be allowed in any case more than one franc per cubic decimeter, or per kilo, at the choice of the company, nor more than one thousand francs per package. In case of damage or shortages for which they may be responsible, the captain and the company can only be held to pay an indemnity calculated pro rata on the sum to be paid in case of loss, according to the foregoing various stipulations."

Nondelivery of the shipment is admitted. The only question is whether the recovery should be limited to one franc per cubic decimeter, or per kilo, or to 1,000 francs per package, no value having been declared. As was said by Judge Mayer in Kuhnhold v. Compagnie Générale Transatlantique (D. C.) 251 F. 387:

"The clause now under consideration amounts to an agreement by which the carrier says to the shipper: 'If you declare the value of the goods you are shipping, I herewith agree with you upon the basis on which I will pay you damages for loss; but, if you do not declare the value, then I agree with you upon another basis whereby I limit my liability, so that I will pay you the value of your goods only up to a certain amount, irrespective of the value of your goods beyond that amount, because you have not given me any information as to the value of your goods.'"

This provision makes the amount of the recovery in case of loss dependent upon whether or not the shipper declares the value of the shipment. It does not refer to rates for carriage. It does not afford the shipper the choice between a rate based on a declared value and a reduced rate based upon an assumed valuation. It repels any inference to that effect. So far as the provision is concerned, the rate is not affected by the declaration of value or the failure to declare the value of the shipment. It provides only for the amount of the loss the carrier will pay in case of declaration, and the

amount it will pay in the absence of a declaration.

In Union Pacific R. R. Co. v. Burke, 41 S. Ct. 283, 284, 255 U. S. 317, 321 (65 L. Ed. 656) the Supreme Court spoke as follows: "In many cases, from the decision in Hart v. Pennsylvania R. R. Co. [5 S. Ct. 151] 112 U. S. 331 [28 L. Ed. 717], decided in 1884, to Boston & Maine R. R. v. Piper [38 S. Ct. 354] 246 U. S. 439 [62 L. Ed. 820, Ann. Cas. 1918E, 469], decided in 1918, it has been declared to be the settled federal law that, if a common carrier gives to a shipper the choice of two rates, the lower of them conditioned upon his agreeing to a stipulated valuation of his property in case of loss, even by the carrier's negligence, if the shipper makes such a choice, understandingly and freely, and names his valuation, he cannot thereafter recover more than the value which he thus places upon his property."

And again: "As a matter of legal distinction, estoppel is made the basis of this ruling—that, having accepted the benefit of the lower rate, in common honesty the shipper may not repudiate the conditions on which it was obtained—but the rule and the effect of it are clearly established."

And again: "This court has consistently held the law to be that it is against public policy to permit a common carrier to limit its common-law liability by contracting for exemption from the consequences of its own negligence or that of its servants ([5 S. Ct. 151] 112 U. S. 331, 338 [28 L. Ed. 717]; [38 S. Ct. 354] 246 U. S. 439, 444 [62 L. Ed. 820, Ann. Cas. 1918E, 469] supra), and valuation agreements have been sustained only on principles of estoppel and in carefully restricted cases where choice of rates was given—where 'the rate was tied to the release.'"

And again, at page 322: "Thus this valuation rule, where choice is given to and accepted by a shipper, is, in effect, an exception to the common-law rule of liability of common carriers, and the latter rule remains in full effect as to all cases not falling within the scope of such exception."

In American Railway Express Co. v. Lindenburg, 43 S. Ct. 206, 209, 260 U. S. 584, 592 (67 L. Ed. 414), the Supreme Court said: "Having accepted the benefit of the lower rate dependent upon the specified valuation, the respondent is estopped from asserting a higher value."

In Adams Express Co. v. Croninger, 33 S. Ct. 148, 154, 226 U. S. 491, 510 (57 L. Ed. 314, 44 L. R. A. [N. S.] 257) it is stated: "Neither is it conformable to plain

principles of justice that a shipper may understate the value * * * for the purpose of reducing the rate, and then recover a larger value in case of loss." See The Kensington, 22 S. Ct. 102, 183 U. S. 263, 46 L. Ed. 190; Glanzer v. Cunard S. S. Co., 212 N. Y. S. 500, 214 App. Div. 473.

[1] The foregoing authorities clearly indicate that the limitation of liability by carriers to the amount of a stipulated valuation will only be sustained in cases in which a choice of rates has been given to a shipper and the limitation actually has been made the basis of a reduced rate.

[2] Neither the bill of lading nor evidence shows that the shipper had or exercised any choice of rates, or that the limitation of respondent's liability was made the basis of a reduced or adjusted rate. The failure to declare value did not affect the rate. It only affected the amount of recovery. So far as appears by the bill of lading, the rate was the same, whether or not the value was declared. Only the amount of recovery was affected by the failure to declare value.

The libelant, therefore, is entitled to a decree for the full amount of damages sustained by it.