### TEXAS & N. O. R. CO. et al. v. WOLFSON. (No. 8262.)

Court of Civil Appeals of Texas. San Antonio. Nov. 13, 1929.

Rehearing Denied Jan. 15, 1930.

Templeton, Brooks, Napier & Brown, of San Antonio, and Baker, Botts, Parker & Garwood, of Houston, for appellants.

Hirshberg, Stone & Mueller and Davis & Fox, all of San Antonio, for appellee.

COBBS, J. Appellee sued appellants to recover damages growing out of the loss in a shipment of bananas from New Orleans to San Antonio, over the Southern Pacific Railroad lines, and judgment was rendered in favor of appellee against the defendants

Louisiana Western Railway Company, Texas & New Orleans Railway Company, and the Galveston, Harrisburg & San Antonio Railway Company, jointly and severally, for the sum of $906.99, with 6 per cent. interest thereon per annum from July 17, 1926, totaling $1,043.04, with interest thereon at 6 per cent. per annum from January 25, 1929, until paid, together with all costs. Plaintiff dismissed as to the initial carrier, Morgan's Louisiana & Texas Railroad & Steamship Company.

This is a county court case, that involves largely questions of fact. The bananas were shipped from New Orleans, La., with instructions placed on the bill of lading: "Ventilation—All plugs out—All vents half open and sealed—4,000 lbs. ice by S. P. R. R."

The main question in this case is: Was the amount of 4,000 pounds of ice directed and placed in the car at New Orleans sufficient to bring the car of bananas to San Antonio in good condition? There is no dispute about the 4,000 pounds of ice having been placed in the car at New Orleans. There is testimony showing that that amount would have been sufficient to protect the bananas, in the absence of delays.

There was some delay in the shipment before the train reached Houston, and defendants were aware of this delay, shown by its own handling and record, and, notwithstanding the rule and instructions to the contrary, it devolved upon the railroad, by reason of that knowledge, to protect and preserve the shipment by re-icing, because the shipper had no notice of any delays and could not give the instructions to re-ice. The railroad, with knowledge of the delays and of the perishable nature of the property, was compelled to re-ice the car in order to preserve the bananas from loss or destruction.

There was specific negligence committed by the appellants, because, as soon as the appellee learned that the car had not arrived early on the morning of July 17, when it ordinarily would have reached San Antonio, and realizing the impendency of a delay which might endanger the contents thereof, he gave notice to the agent of the appellant Galveston, Harrisburg & San Antonio Railway Company at San Antonio, immediately upon the opening of its offices on July 17, of the failure of the said car to arrive, and instructed the said railroad company, through its said agent, to re-ice the said car at once; but the appellant failed and refused to follow the instructions and did not at any time refurnish the car with a supply of ice. At that time the car had left Houston.

Morris Wolfson, the manager of appellee's business, testified: "I communicated with the Southern Pacific Railroad Company with respect to this car. I communicated with the dispatcher's office, and the east yard; that was after we opened; we open about 5 o'clock. I think it was somewhere between 6 and 7

o'clock; that was the first thing I did Saturday morning. I said that we had a car of bananas that had gotten out of New Orleans Thursday evening, the 15th, and it was expected in; it was due in. I don't remember the name of the party I talked to on that occasion. I asked him if the car of bananas had come in, and he said, 'No.' Then I hung up on him; that was the east yard. Then I called up the dispatcher's office and asked him the same thing, if there was any bananas in, and he said, 'No.' I asked him, did he show anything out of Houston, and he said, 'No.' There was nothing else to do. I called the dispatcher right after I called the east yard. That was Saturday morning, between 6 and 7 o'clock, early in the morning. There was nothing else that I could do to find out about the car, and I waited until 8 o'clock, when the freight office opens up. You can't get information from them before 8 o'clock; they open for business at 8 o'clock. I rang there, and asked them the same thing, and he said he showed nothing in and there was nothing coming."

The damage was caused or occasioned by the negligent delay of the carrier, or contributed to by the negligent delay of the carrier. The shipper had no opportunity to give instructions to re-ice the car after he had knowledge of the delays. He had no notice of any delay of the shipment prior to or at Houston, and acted when advised of such delay. The bill of lading is not the contract alone in interstate commerce, but it is the bill of lading plus the schedules and tariffs filed as required by law. Boston & Maine R. R. v. Hooker, 233 U. S. 97, 34 S. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450.

There was no pleading of appellants charging appellee with the specific ground of contributory negligence set out in questions Nos. 17 and 18. Appellants submitted to the jury only those issues actually made by the pleadings and the court should have disregarded the findings of the jury in answer to Nos. 17 and 18. The jury found that all of the appellants were guilty of negligence in failing to transport the car of bananas with reasonable dispatch, and there is no finding of contributory negligence on the part of appellee.

We do not think the court erred in permitting Samuel Wolfson to testify what was the usual and customary length of time, on or about July 15, 1926, for the transporting of a car of bananas from New Orleans, La., to San Antonio, Tex., over the Southern Pacific lines, because a merchant who deals in a particular commodity is presumed to know and qualified to state how long it ordinarily takes for such commodity to reach him from the market where he purchases it. The test laid down was a favorable one to appellants and the correct one. A merchant constantly dealing in a particular commodity as a part of his business is presumed to know and state how

long it requires to reach him, and this ruling likewise applies to the objection made to the testimony of William A. Ellis. It was not improper for the witness William A. Ellis to testify that in his opinion had a carload of bananas left New Orleans at 8 p. m. Thursday, July 15, with 2,800 pounds of ice in the front bunker and 1,200 pounds of ice in the back bunker, a total of 4,000 pounds, the ventilation being standard ventilation, plugs out, and vents half open, unaccompanied by a banana messenger, the bananas being green at the time they left New Orleans, that the ice would have been sufficient for the car to have arrived in San Antonio in good condition, if handled by the Southern Pacific Railroad with reasonable dispatch, for the reason that the witness had already testified as to the usual and customary length of time required for the transit of a car of bananas from New Orleans to San Antonio on or about July 15, 1926, and, the witness having qualified as an expert, he was privileged to state his opinion. Appellants waived any right of objection which they might have had by introducing the same character of testimony.

It was not error in the court to submit a definition for the term "reasonable dispatch," in the absence of any written request therefor. Since the evidence showed the bananas arrived in a damaged condition, it was not error to require the jury to find whether the negligence of the carrier contributed to the cause of any damage sustained. And it was not error for the court to require the jury to find what the reasonable market value of the bananas would have been, had they arrived in good condition.

The verdict of the jury, in answer to special issues whether or not two tons of ice were sufficient, was rendered on conflicting evidence, and they exercised their prerogative, as being the sole judges of the credibility of the witnesses and the weight to be given to their testimony, and the verdict will not be disturbed. There was no request that the jury be required to find for what proportion of the damage appellants were severally responsible, and it was proper for the court to enter a joint and several judgment against all of them.

A person is not bound to anticipate that some one owing him a duty will be negligent in the discharge of that duty. Phelps v. Connellee (Tex. Com. App.) 285 S. W. 1047; Texas & P. Ry. Co. v. Bryan (Tex. Civ. App.) 15 S. W.(2d) 1098, 1099; 17 C. J. p. 767, Par. 96; 45 C. J. p. 984, Par. 537; 45 C. J. p. 954, Par. 512; Dippold et al. v. Cathlamet Timber Co., 111 Or. 199, 225 P. 202; 20 R. C. L. p. 117, Par. 101.

Proper icing instructions to ice the car were given at New Orleans. We cannot perceive where appellee was guilty of any contributory negligence, since the proper instructions were given at New Orleans, and the car was under appellants' control and supervision thereafter. Appellee could not have anticipated any negligence on the part of the carriers, and the delays were shown to have occurred east of Houston. The car should have arrived at San Antonio not later than noon of July 17, 1926; but it did not arrive, and appellee was not required to anticipate the negligent conduct of appellants.

There is nothing in the contention that appellee should have sued the initial carrier on the bill of lading charging that the goods were delivered to the initial carrier in good condition and delivered in bad condition. The initial carrier was joined in the suit, but afterwards dismissed. Appellee alleged delivery to the initial carrier and delivery by the terminal carrier in San Antonio.

It is alleged and shown that the carload of bananas was delivered to the initial carrier, Morgan's Louisiana & Texas Railroad and Steamship Company, on or about July 15, 1926, at what hour is not shown; but appellant alleges in its answer, "At the time in question there was only one through freight train from New Orleans to San Antonio over the route said car NRC 5392 moved. This through freight was scheduled to leave New Orleans at 5:45 o'clock a. m., and to arrive in San Antonio at 2 o'clock a. m. two mornings later.

Where there were, as here, several questions given to the jury covering the same issue, for error and meaning they should be construed all together. Questions Nos. 17 and 18 are as follows:

"Question No. 17: If you have answered the foregoing question in the negative, then did the failure to give such notice constitute negligence on the part of the said Morris Wolfson? Answer 'yes' or 'no.'" To which the jury answered, "Yes."

"Question No. 18: If you have answered the foregoing question in the affirmative, then did such negligence cause or contribute to the cause of any damages which plaintiff may have sustained herein? Answer 'yes' or 'no.'" To which the jury answered, "Yes."

They do not amount to a finding of contributory negligence, but in the light of other findings disclose that in the opinion of the jury appellee had failed to mitigate his damages. It was the duty of appellee to use ordinary care to minimize his damages, but his failure to do so did not constitute contributory negligence, except upon proper pleading and proof of such defense by appellants, showing the extent of the enhancement of the damages. On the question of appellee's contributory negligence by reason of his failure to give proper icing instructions, the court submitted to the jury question No. 12, and also submitted several special issues requested by the appellants, as follows:

"Question No. 12: Were instructions given the carrier, M. L. & T. Railroad & Steamship

Company, at New Orleans, to place in said car a sufficient quantity of ice for the transportation, with reasonable dispatch, of said bananas from New Orleans and delivery, at San Antonio, in good condition? Answer 'yes' or 'no.' " To which the jury answered, "Yes."

"Defendants' Special Charge: Did the instructions given the carriers for the ventilation and icing of car NRC 5392 of bananas call for an improper ventilation and icing of that car while in transit from New Orleans, La., to San Antonio, Tex., in July, 1926?" To which the jury answered, "No."

"Defendants' Special Charge: Were two tons of ice insufficient to maintain car NRC 5392 of bananas in good condition in transit from New Orleans, La., to San Antonio, Tex., under reasonable dispatch in the month of July, 1926?" To which the jury answered, "No."

"Defendants' Special Charge: Did the instructions given the carriers in New Orleans, La., for the icing of car NRC 5392 of bananas call for an insufficient icing of that car while in transit from New Orleans, La., to San Antonio, Tex., in the month of July, 1926?" To which the jury answered, "No."

These findings are conclusive on the question of any negligence whatsoever on the part of appellee. When the car was delivered and properly iced at New Orleans for the through trip to San Antonio, appellee could not have anticipated the negligent delay of appellants' and fortified himself by placing a greater amount of ice than was necessary in the car, nor have given re-icing instructions during the morning of July 17, 1926. According to some of the testimony the car should have arrived in San Antonio not later than noon of that day, the end of a 44-hour period in transit. The car did not arrive at noon and the jury found that appellee gave instructions to re-ice at 2 o'clock p. m. The appellee can only be charged with negligence on the theory that he was bound to anticipate the negligent conduct of appellants and that cannot be sustained in law. For the sake of argument, suppose Morris Wolfson was informed by the dispatcher's office, on July 17, between 6 and 7 o'clock, that the car was not in and not shown out of Houston, there was nothing shown when the dispatcher would get his information about a car out of Houston. Appellee assumed it would come in on time and waited the 44-hour period before concluding it would not arrive on time, and there is no satisfactory evidence shown that he had knowledge of the delay in time to have prevented the injury.

Appellee was only bound to supply ample ice, so that the fruit would arrive in San Antonio in good condition, if handled with reasonable dispatch. The jury found that appellee met this obligation. There is a broad distinction between contributory negligence and the failure of a person injured to use ordinary care for the purpose of minimizing his damages. See Dippold et al. v. Cathlamet Timber Co., 111 Or. 199, 225 P. 202.

Clearly the findings did not amount to contributory negligence, but a finding of failure to minimize damages. The negligence of appellants had happened before the car reached Houston, for the car should have reached San Antonio before the expiration of 44 hours, the customary time. The inference to be indulged in is that the Louisiana Western Railroad Company and the Texas & New Orleans Railroad Company had already proximately caused the damage before the car reached Houston.

Appellants did not plead facts to show that appellee failed to use ordinary care to minimize damages resulting from the negligence of appellants, and it should have been disregarded by the court in rendering the judgment as unsupported by the pleadings and the proof.

The issues contained in questions Nos. 17 and 18 called for evidentiary matters and not ultimate issues of fact and should not have been given at all. The ultimate issue of fact was whether appellee had given proper icing instructions. The court submitted this in question No. 12, and elsewhere requested by appellants. Whether or not appellee should have requested icing at Houston or at any other point along the line was purely an evidentiary question.

Questions Nos. 17 and 18 should not have been given at all, for a careful examination of the pleadings and the evidence fail to show that there are any specific charges, charging appellee with any specific ground of contributory negligence. Appellants had the right to have submitted to the jury only those issues actually made by their pleadings and proof, and therefore the court could have and should have disregarded the findings of the jury in answers to said questions Nos. 17 and 18.

The allegations contained in paragraph 16 of appellants' amended answer, to the effect that appellee was negligent in failing to have the car re-iced en route, did not authorize the submission of an issue to a jury as to whether or not plaintiff was negligent in failing to give notice in time to permit re-icing at Houston. That issue was not made by the pleadings and was improperly submitted, and should have been disregarded by the court.

There was no allegation in the pleadings of appellants that the re-icing should have been done at any particular point, nor did the proof show where the re-icing could have been done most advantageously on the entire line. Why not at Lafayette, Echo, or some other point? The allegation that "appellee was negligent in failing to have the car re-iced en route" was a general one.

Appellee alleged that appellants were negligent in failing to re-ice the car after being instructed to do so, and appellants defended on the ground that the car had already passed

the last regular icing station prior to its destination, when the instructions were given. It was shown that Houston was the last icing station, and therefore it became important to know where the re-icing instructions were given, since appellants proved that the car had departed from Houston at 9:20 a. m. July 17, 1926. The failure to give the instructions in time to permit re-icing at Houston could only have had the effect of acquitting appellants of negligence in failing to obey the order, and could not possibly have been made the ground of contributory negligence on the part of appellee under the pleadings.

Amended pleadings alleged receipt by the carriers in good condition and delivery in damaged condition, which was all the proof appellee was required to procure to make out a prima facie case. The pleadings further show that the car was not transported by appellants in the usual and ordinary time required to transport a similar commodity. This proof was sufficient to require the appellants to absolve themselves of the presumption of negligence which attached to their conduct. Panhandle & S. F. Ry. Co. v. Andrews (Tex. Civ. App.) 278 S.W. 478.

The court did not err in rendering judgment for appellee since the jury found that all of the appellants were guilty of negligence in failing to transport the car of bananas with reasonable dispatch, and since there was no finding of contributory negligence on the part of appellee.

We have very carefully gone over and considered each and every one of appellants' propositions and assignments and have reached the conclusion that no reversible error has been shown or committed. We think the case has been fairly tried and that substantial justice has been done.

The judgment is affirmed.

#### On Motion for Rehearing.

The motion for rehearing is granted. The shipment of bananas moved under the United States Federal Transportation Act. (49 USCA § 6). It is obvious from the testimony that had the car of bananas been re-iced at Houston, they would have arrived in San Antonio in good condition. Giving effect to the provisions of the Federal Transportation Act (49 USCA § 1 et seq.), it was not the duty of the railroad to re-ice without specific instructions. It seems that matter is left solely to the shipper.

Houston was the only regular icing station between New Orleans and San Antonio. Under the Perishable Protective Tariff No. 2, rule, 435, a carrier is not bound to ice only at established icing stations. Tariffs filed as required by law are binding on both shipper and carrier. Boston & Maine R. R. v. Hooker, 233 U. S. 97, 34 S. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450; Shroyer v. C. R. I. & G. R. Co., 111 Tex. 24, 222 S. W. 1095, 226 S. W. 140.

Rule 105, Perishable Protective Tariff No. 2, filed as required by law, provides: "Bananas must not be re-iced * * * without specific instructions from shipper, owner or care taker in charge of cars." The owner knew of the delay before the car left Houston, and in time to have given instructions for re-icing, but he did not do so, and the failure to do so was the negligence of the shipper.

In the original opinion we were inclined to hold under the circumstances in this case, that the carrier could not stand by and see the bananas spoil on account of its delay, by not re-icing them. But that view is not sustained by authority; hence the original opinion will not be followed, but set aside, and this is submitted in lieu thereof. It is very apparent that this case has been fully developed, and nothing would be accomplished by remanding it for another trial. The judgment of this and the trial court is set aside, and judgment is here rendered in favor of appellants against appellee.