**LANG v. SHOFNER et al.**

No. 2422.

Court of Civil Appeals of Texas. Eastland.

Nov. 5, 1943.

Levens & Benson, of Lubbock, for appellant.

Karl Cayton, of Lamesa, for appellees.

GRISSOM, Justice.

Nuell Shofner and wife sued C. M. Lang, a common carrier, for damages resulting from the loss of an interstate shipment. Lang impleaded Sunset Motor Lines, his connecting carrier, and Sunset Motor Lines impleaded Texas-Arizona Motor Freight, its connecting carrier. The cause was tried to the court. Judgment was rendered for plaintiffs against Lang for $350, and Lang was denied judgment over against the other carriers. Lang has appealed.

Appellees have not filed briefs. There are no findings of fact or conclusions of law. Appellant, in his point 4, contends there is no evidence that the value of the goods lost was as much as $350, the amount of the judgment. In point 5, appellant says the judgment should be reversed because the witnesses who testified as to the market value of some of the articles included in the shipment were not shown to know their market value, nor to have even seen some of said articles. Much of such testimony was clearly admissible. Some of it might have been entitled to slight weight. One of said witnesses testified as to the value of some articles she had not seen. However, she was shown to have been engaged as a saleslady for many years in establishments which bought and sold such articles, or to have bought them herself, and she testified that, although she had not seen some of the articles, she knew the minimum price for which such an article could be bought was a certain price. In other words, she testified as to the minimum price for which such articles could be bought and sold, regardless of the quality of plaintiff's goods. This was apparently the best evidence obtainable; we think it was admissible. Point 4 must be sustained. No attempt was made to prove the value of some of the articles contained in the shipment. We have concluded that the evidence is insufficient to show the loss of articles of the value of $350. See Texas R. C. P. 419.

Appellant's first point is that the judgment should be reversed because the court allowed a recovery of $350, although the bill of lading limited the liability of the carrier to not to exceed $10 per hundredweight and the shipment weighed only 265 pounds. In other words, appellant says that under the contract, evidenced by the bill of lading, the maximum recovery is $26.50. The bill of lading contained this statement: "The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $10.00 per cwt." The shipment weighed 265 pounds. The bill of lading was signed by Oley Shofner. The applicable tariff provisions were proved. Under these circumstances appellant contends that plaintiffs are bound by said provision in the bill of lading, and, having agreed to the valuation as therein stated, they cannot recover more than $26.50. Under the provisions of the Transportation Act, 49 U.S.C.A. § 20(11), appellant had the right to limit his liability to less than the actual value of the shipment if the shipper agreed to a valuation less than the actual value in consideration of the payment of less money for the transporation charges.

Oley Shofner is the father of Nuell Shofner, one of the plaintiffs. He took the box of goods to appellant's place of business in Lamesa for shipment. Nuell Shofner was then in California and the goods were consigned to him. The other plaintiff, Mrs. Nuell Shofner, was then engaged to be married to Nuell Shofner. Most of the articles contained in the shipment had just been given to them at a wedding shower. She left for California on the same day the shipment was delivered to appellant. The testimony of Oley Shofner with reference to the issue about to be discussed is too long to permit copying here. We think it is susceptible of the following construction: that he took the box to appellant and insisted that it should be "insured" for $350; that he was insisting upon a valuation of $350 and was willing to pay the proper charge on that valuation; that appellant's agent refused to permit him to place that valuation on the shipment and told Oley Shofner that the only way it could be shipped was with the valuation and charges as written in the bill of lading. This testimony was denied by appellant's agent. However, we think Oley Shofner's testimony is sufficient to raise the issue that he insisted upon the valuation heretofore stated; that he was willing to pay the charges due on such valuation; that appellant's agent denied him that right; that Shofner was not permitted a choice of different rates or charges depending upon his valuation of $350 or the valuation stated in the bill of lading, and, therefore, there was no consideration for his agree-

ment to limit plaintiff's right of recovery to less than $350, said amount not exceeding the actual value of the shipment. A choice of rates by the shipper is essential to the validity of an agreement limiting the liability of the carrier. Union Pacific Railroad Co. v. Burke, 255 U.S. 317, 318, 41 S.Ct. 283, 65 L.Ed. 656, 658; Der Bogosian v. Atchison, T. & S. F. Ry. Co., Mo.Sup., 202 S.W. 1078; Cincinnati, New Orleans & T. P. Ry. Co. v. Rankin, 241 U.S. 319, 328, 36 S.Ct. 555, 60 L.Ed. 1022, L.R.A.1917A, 265; American Ry. Express Co. v. Daniel, 29 Ga.App. 780, 116 S.E. 660, affirmed 157 Ga. 731, 121 S.E. 686; A. C. Lawrence Co. v. Compagnie Generale Transatlantique, D. C., 12 F.2d 83; Pacific Fruit & Produce Co. v. Northern Pacific Ry. Co., 109 Wash. 481, 186 P. 852, 854, 10 A.L.R. 337. See also, Shroyer v. Chicago, R. I. & G. Ry. Co., 111 Tex. 24, 28, 222 S.W. 1095; Atchison, T. & S. F. Ry. Co. v. White, Tex. Civ.App., 188 S.W. 714 writ refused. In Chicago, R. I. & G. Ry. Co. v. Core, Tex. Civ.App., 176 S.W. 778, 781, under the tariffs a choice of rates based upon different valuations was available. The shipper demanded the higher rate. The carrier's agent falsely stated in substance that there was only one valuation and rate under which the shipment could be made and so wrote the shipping contract, which was then signed by the shipper. The court held that the shipper was not bound by the contract. It said: "The agent denied him that right [choice of rates], or what was tantamount to a denial that there was any other rate than that given in the bill, thereby refusing to recognize appellee's option, and forced upon him a contract * * *." See, also, Chicago, R. I. & G. Ry. Co. v. Jenkins, Tex.Civ.App., 196 S.W. 679, writ refused; 8 Tex.Jur. 320, 7 Tex.Jur. 48. In 13 C.J.S., Carriers, p. 181, § 94, the applicable rule is stated as follows: "In order to give validity to a limited liability contract the carrier should, at the time of entering into the contract, hold itself out as being in readiness to transport the freight tendered with or without such limitation, and allow the shipper the choice between the limited liability contract and one imposing on the carrier the full common-law liability; and if this is not done, the contract is void and the limitation is inoperative, as under these circumstances it cannot be said that the contract is freely and fairly entered into, and the carrier has by its own wrongful act prevented the making of a lawful contract binding upon the parties."

■ In view of another trial, we call attention to the fact that there is no pleading by plaintiffs attacking the validity of the contract evidenced by the bill of lading. It would seem to be incumbent upon plaintiffs to both allege and prove a demand upon appellant for permission to ship with a $350 valuation and a refusal of that right. In other words, that the shipper was denied a choice between the limited liability contract written and one imposing on the carrier a liability of $350 for loss of the shipment.

■ Appellant's second point is that plaintiffs failed to prove non-delivery to the consignee, Nuell Shofner. We think Mrs. Shofner's answer to interrogatory 11 constitutes evidence of such failure. We think reversible error is not shown in the admission of the deposition of Mrs. Shofner against appellant alone. The waiver of the issuance of a commission by Lang was sufficient to permit introduction of the deposition against him, regardless of whether it was admissible against the other carriers. We sustain appellant's sixth point. Appellant having proved delivery of the shipment in good condition to its connecting carrier, was entitled to judgment over against said carrier for at least $26.50.

The judgment is reversed and the cause remanded.