## EL PASO ELECTRIC CO. v. RODRIGUEZ. (No. 2310.)

Court of Civil Appeals of Texas. El Paso. June 13, 1929.

Hunter, Brown & Brooke, of El Paso, for appellant.

W. W. Bridgers, of El Paso, for appellee.

PELPHREY, C. J. Angelita H. Rodriguez brought this suit against the El Paso Electric Company to recover damages for personal injuries, alleging that on the 2d day of July, 1928, she was a passenger on one of defendant's street cars, and that, while she was in the act of leaving said car, the motorman operating said car negligently closed the car door before she had made her exit from the car, thus closing the door on her right foot or ankle, as she was in the act of stepping from the car, causing her to fall to the pavement and sustain the injury of which she complains; in the alternative she alleges that, if she is mistaken in her allegation that the motorman prematurely closed the car door, thus catching her foot or ankle, thus causing her to fall, then she alleges that the motorman negligently started the car before she alighted from the car, causing her to fall to the pavement and sustain the injuries of which she complains. The above acts of negligence are alleged to be the proximate cause or causes of the injuries of which she complains. She alleges that she sustained injuries to her foot, ankle, and leg, fractured ribs, and was otherwise injured, and was unable to work for many weeks.

Defendant answered by general denial and contributory negligence.

Judgment was rendered in plaintiff's favor for $250.

### Opinion.

The special issues, with accompanying instructions, and answers returned, are as follows:

"By 'ordinary care' is meant that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances.

"'Negligence' is the failure to exercise ordinary care.

"By 'proximate cause' is meant that direct, efficient and procuring cause and without which no injury would have been sustained.

"By 'contributory negligence' is meant negligence on the part of the plaintiff which contributed to or caused the accident.

"An 'unavoidable accident' is one which happens without the negligence of either party.

"Now bearing in mind the definitions herein given you, you will answer the following questions:

"Question No. 1: Do you find from a preponderance of the evidence before you that the defendant's motorman closed the door to the street car, upon which plaintiff was riding on the 2nd day of July, 1928, before plaintiff had time to alight therefrom? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 2: Do you find from a preponderance of the evidence before you that the defendant's motorman, on the car upon which plaintiff was riding on the 2nd day of July, 1928, started the car before plaintiff had time to alight therefrom? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 3: Was the accident complained of by the plaintiff herein an unavoidable accident, as that term has been defined to you? Answer 'Yes' or 'No.' Answer: No.

"If you have answered questions one and two 'No,' or Question No. 3, 'Yes,' then sign the same by your foreman and return it into court as your verdict in this case.

"If you have answered questions one or two either, in the affirmative and Question No. 3 'No' then answer the following questions:

"Question No. 4: Do you find that plaintiff was injured upon that occasion? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered Question No. 4 'Yes,' then answer Question No. 5.

"Question No. 5: Do you find from a preponderance of the evidence before you that such negligence was the proximate cause of the injuries which the plaintiff sustained? Answer 'Yes' or 'No.' Answer: Yes.

"If in answer to the above interrogatories you have answered that defendant's motorman closed the door of the street car upon which plaintiff was riding before she had time to alight therefrom or if you have answered that defendant's motorman started the car before plaintiff had time to alight therefrom, and have also answered Question No. 3 'No,' and you have also answered that plaintiff was injured, then answer questions 6 and 7.

"Question No. 6: What sum of money would be a reasonable compensation to plaintiff for bodily injuries, physical suffering, loss of sleep and loss of time that she sustained? Answer in dollars and cents. Answer: $250.00.

"Question No. 7: Was the plaintiff guilty of negligence in alighting from defendant's street car at the corner of Kansas and Myrtle Avenue on the 2nd day of July, 1928? Answer 'Yes' or 'No.' Answer: No.

"If you have answered Question No. 7 'Yes' then answer Question No. 8.

"Question No. 8: Did such negligence contribute to or cause the injuries complained of? Answer 'Yes' or 'No.' Answer: ————."

■ We incline to the view that the issue of defendant's negligence was simply supplementary to the issues of fact submitted in questions 1 and 2. If so, then the failure to submit the issue of negligence is not reversible; no charge upon the issue having been tendered, and the defect in the charge having been raised only by objections. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S. W.(2d) 591; Texas, etc., v. Wright (Tex. Com. App.) 4 S.W.(2d) 31.

The evidence raises the issue of unavoidable accident which was submitted in question 3.

In question 5 the court assumes negligence on appellant's part. This was objectionable as being upon the weight of the evidence. Timely objection to this error was presented, and is here assigned. Because of this error, the case is reversed and remanded.