## THOMPSON v. ASSOCIATED GROWERS OF BROWNSVILLE.

### No. 11192.

Court of Civil Appeals of Texas.
San Antonio.

May 27, 1942.

John C. North, of Corpus Christi, for appellant.

Ward & Brown, of Corpus Christi, for appellee.

SMITH, Chief Justice.

Suit for damages to three carloads of tomatoes originating at Brownsville, Texas, and delivered and sold at different destinations in other states. St. Louis, Brownsville & Mexico Railway Company was the initial carrier, and the sole defendant in this suit, brought by the shipper, Associated Growers of Brownsville.

The shipper pleaded and introduced evidence to show that the commodity was in sound condition when delivered to the carrier at point of origin, and in a decayed and damaged condition when delivered by connecting carriers at destination, thereby making a prima facie case for recovery.

The Railway Company pleaded only a general denial, and offered no testimony in rebuttal of plaintiff's evidence. In response to a jury verdict on special issues, judgment was rendered in favor of the shipper, and the Railway Company appealed.

Appellant first complains of the refusal of its motion for directed verdict in its favor. We overrule this contention. The pleadings and evidence clearly made a prima facie case for appellee, which prohibited the trial judge from directing a verdict for appellant.

In submitting to the jury the issue of damages, the court defined the measure to

be "the difference, if any, in the market value of tomatoes in a good and sound condition and in the condition in which they were delivered, at the time and place of delivery." Appellant objected to this definition on the ground that the true measure was "the difference, if any, in the market value of the tomatoes in said car in the condition in which they would have arrived if transported with care and dispatch, and their market value in the condition in which they were delivered."

■ We are of the opinion that under the case made the court correctly defined the measure of damages. It is true that, ordinarily, the true measure in such cases as this would be the difference, if any, between the market value of the commodity in the condition and at the time it should have been delivered by the carrier at destination, if transported by it with ordinary care and diligence, and its market value at the time and in the condition in which it was actually delivered at destination. But that rule does not apply under the facts of this case, as we shall see.

■ The rule in such cases as this is that when, as here, the shipper shows that the commodity was delivered to the carrier in good condition at the point of origin, and was delivered by the carrier at destination in a damaged condition, the burden rests upon the carrier to show by evidence that the damages did not result from its negligence, but from other causes beyond its control. But in this case the carrier did not attempt to meet this burden, or to free itself from the presumption of negligence. The result of this failure, then, was to render it liable for the amount of the damages, measurable by the difference between the market value of the commodity in the condition in which it was received, and its value in the condition in which it was delivered, by the carrier. That was the measure submitted to the jury by the court below. We overrule appellant's second, third and fourth points.

In its fifth point appellant complains of the judgment on the ground that there was no evidence that the damaged condition of the commodity "was caused through any negligence of appellant, or of any failure of appellant to exercise ordinary care in the transportation of said tomatoes." But the burden was upon appellant to negative, rather than upon appellee to affirmatively show, the fact of such negligence, and appellant's failure to do so rendered it liable for the damaged condition of the shipment. We overrule appellant's fifth point.

■ In its sixth and seventh points appellant contends that the damaged condition of the tomatoes was occasioned by delays incident to appellee's own acts in causing the shipments to be diverted in transit. This was a defense which appellant did not plead and upon which it did not elicit or request jury findings, and was thereby waived.

The judgment is affirmed.