FLEMING A. WATERS V. C. H. YOCKEY.

No. A-809. Decided March 6, 1946.
(192 S. W., 2d Series, 769.)

*Katherine Counts,* of Dallas, for appellant.

*Wm. H. Flippen* and *John W. Miller,* both of Dallas, appellee.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This case is before the Court on certified question from the Court of Civil Appeals at Dallas.

C. H. Yockey sued Fleming A. Waters for the contract price of waterproofing the basement of a building belonging to Waters. Waters denied liability and reconvened for damages, alleging that the basement leaked because the work had not been done as provided for in the contract. A trial before the court without a jury resulted in a judgment in favor of Yockey.

The trial court filed findings of fact and conclusions of law. These original findings would have supported a judgment for Waters. A few days later Yockey filed a motion to have the court file "amended Finding of Fact and Conclusions of Law consistent with the testimony that was reported in this cause by the Official Court Reporter and consistent with the judgment of the Court heretofore entered." Under the authority of Rule 298, Texas Rules of Civil Procedure, the court granted the motion and filed an entirely new set of findings, which were designated as "amended findings." The second set of findings were full and complete in themselves and covered the entire case, and contained many findings that were inconsistent with the findings previously filed. They were favorable to Yockey.

With the record in this condition, the Court of Civil Appeals certified to this Court the following question:

"Where, as in the instant case, the trial court made original findings and later amended findings, each document apparently complete within itself (but the two sets materially in conflict), do the amended findings supersede those originally made, and are the former or initial findings to be disregarded?"

The problem presented involves merely the ascertainment of the intention of the trial judge. If the trial judge intended the second set of findings as a supplement to those previously filed and that they should all be construed together as the findings of the court, then no judgment may be based thereon, because the findings are materially in conflict. Railroad Commission v. Stephens (Tex. Civ. App.), 147 S. W. (2d) 879 (Writ Dismissed. Judgment Correct), and authorities there cited. But if the trial judge intended that the second set of findings should be substituted for the first set of findings, and that the latter should control in the disposition of the case, then the first set of findings must be disregarded, and judgment should be based on the second set of findings.

We are of the opinion that the trial judge intended that the second set of findings should be substituted for the first set of findings. The motion was that the court file "amended findings * * * consistent with the testimony * * * and consistent with the judgment" previously rendered. The court granted the motion and filed an entirely new set of findings. The fact that the trial court filed an entirely new set of findings covering the whole case, which were complete in themselves and inconsistent with the findings previously filed, shows clearly, we think, that the trial judge intended that the latter set of findings should serve as a substitute for the first set of findings, and should control in the disposition of the case.

We answer the question certified in the affirmative.

Opinion delivered March 6, 1946.