**Ike GRIFFIN, Appellant,**

v.

**GULF, COLORADO & SANTA FE RAILWAY COMPANY, Appellee.**

No. 13097.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 23, 1957.

Rehearing Denied Feb. 13, 1957.

---

Ward & Brown, Corpus Christi, Wm. E. Remy, San Antonio, for appellant.

Bond Davis, Elwood Cluck, Jr., Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Bexar County by Ike Griffin, as assignee of Carver & Aycock, against Gulf, Colorado and Santa Fe Railway Company, seeking to recover damages to a car of onions delivered by Carver & Aycock to defendant at Farmersville, Texas, on June 23, 1951, for ultimate carriage to Philadelphia, Pennsylvania. Allegedly the onions were delivered to the carrier in apparent good condition, but were in bad condition when delivered to the consignee in Philadelphia. The trial was to a jury and, based on the verdict of the jury, judgment was entered that plaintiff take nothing, from which judgment Ike Griffin has prosecuted this appeal.

The following was the only special issue submitted to the jury:

"Question No. 1: Do you find from a preponderance of the evidence that the condition of the onions, at the time of the delivery of same to the carrier, was the entire cause, as that term is defined to you herein, of the damage and decay occurring to such onions, as was found upon inspection at Philadelphia?

"Answer by stating: 'It was the entire cause', or 'It was not the entire cause'."

To this issue the jury answered: "It was the entire cause."

Appellant contends that this issue, in the manner in which it was worded, amounts to a charge by the court upon the weight of the evidence and is therefore erroneous. It will be noted that the jury was not asked what the condition of the onions was, but the court evidently assumed that the condition of the onions was bad, and the only matter inquired about of the jury was whether or not this bad condition was the entire cause of the damage to the carload of onions. It is true the court did not refer to the "bad" condition of the onions, but, certainly, unless the onions were in "bad" condition at the time of their delivery to the carrier, that condition could not have caused the damage. Appellant, Griffin, and one Aycock both testified that the onions were No. 1 onions when delivered to the carrier at Farmersville. The agent of appellee issued a clean bill of lading, acknowledging that the onions were in apparent good condition. The evidence is conclusive that the onions were in bad condition when delivered to the consignee at Philadelphia. The Binney Inspection Service report at Philadelphia showed that seventy of the bags in the car were rejected as being in bad order and short; that the lading had shifted; and "261 bags segregated

at completion of unloading, 10 of these show friction rubbed holes with adjacent bulbs damaged, 181 wet spotted due to decay, 70 bad order." The parties stipulated that if the railway was responsible for this damage, the amount of damage would be the sum of $833.38. This evidence and stipulation was sufficient to establish a prima facie case for the plaintiff to recover the damage stipulated. The rule is well stated in 8 Texas Jurisprudence, beginning at page 394, Carriers, § 267, as follows:

"§ 267.—Negligence.—The general rule against the presumption of negligence is not applicable where property received by a carrier in good condition is not delivered by it at the destination or is delivered in bad condition. In such a situation a presumption of negligence ordinarily arises whether the shipment is domestic or interstate, and it is not necessary for the shipper either to allege or prove negligence on the part of the carrier in order to recover. The reason for the presumption is that a shipment not accompanied by a caretaker or messenger is in the exclusive custody and control of the carrier, and it is impossible for the shipper to know how, when or where his goods were lost, injured or delayed.

"In the absence of proof to the contrary it will usually be presumed in favor of the plaintiff that loss, injury or unreasonable delay was caused by negligence of the carrier. * * *"

■ This presumption of negligence on the part of the carrier can be rebutted by proof that the damage was caused, among other things, by an inherent vice in the commodity at the time it was delivered to the carrier. The bill of lading in this case in effect so provided. The evidence as to whether the onions were subject to an inherent vice at the time of their delivery to the carrier was supported by the following: The witness Aycock, while testifying on cross-examination, was asked when the onions were pulled, and he answered: "I can not say when these onions were pulled,

it was within two or three days of their shipment." He also testified that he had no recollection of having seen the onions in the field.

■ The appellee offered testimony of two expert witnesses, B. G. Slay and Dr. George D. Godfrey, who stated in effect that onions could not be properly dried and cured without remaining in the field from three to seven days, depending on conditions. This testimony at most raised a fact issue as to whether or not the onions were properly dried and cured at the time they were delivered to the carrier. The trial court erred in assuming that appellee had conclusively established that the onions were not properly treated and cured at the time they were delivered to the carrier, and the issue as submitted was upon the weight of the evidence. El Paso Elec. Co. v. Rodriguez, Tex.Civ.App., 18 S.W.2d 730; Southern Underwriters v. Waddell, Tex.Civ.App., 144 S.W.2d 637, 640; Associated Indemnity Corp. v. Billberg, Tex.Civ.App., 172 S.W.2d 157; Western Union Tel. Co. v. Gauntt, Tex.Civ.App., 28 S.W.2d 207; Federal Surety Co. v. Jetton, Tex.Civ.App., 29 S.W.2d 534, 539; Northern Texas Traction Co. v. Singer, Tex.Civ.App., 34 S.W.2d 920.

■ Appellant was not entitled to an instructed verdict or a judgment notwithstanding the verdict, upon a presumption of appellee's negligence above referred to, because the evidence was sufficient, or at least there was some evidence, that the onions were afflicted with an inherent vice and defects at the time they were delivered to the carrier for shipment. Thompson v. Tankersley, Tex.Civ.App., 238 S.W.2d 263.

The other matters complained of by appellant will probably not occur on the retrial of this case, so we deem it unnecessary to discuss them.

Accordingly, the judgment of the trial court will be reversed and the cause remanded for a new trial.

Reversed and remanded.