**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**TRAUTMANN BROTHERS, Appellee.**

No. 13105.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 6, 1957.

On Motion for Rehearing March 20, 1957.

Rehearing Denied April 17, 1957.

Sharpe, Cunningham & Garza, Brownsville, for appellant.

Ward & Brown, Corpus Christi, for appellee.

POPE, Justice.

Trautmann Brothers, shipper, sued the carrier for damages to a car of tomatoes. The jury found that the tomatoes were not in good condition when delivered to the carrier and also that the soft condition of the tomatoes resulted solely from the nature of the tomatoes. Notwithstanding those answers favorable to the carrier, the court granted judgment for the shipper, and carrier appealed. The question presented is whether there is enough evidence to support the jury findings.

Shipper proved its prima facie case by introducing the bill of lading, which receipted on January 4, 1953, for the tomatoes in apparent good order at Laredo, Texas. It introduced an Inspection Certificate of the Agriculture Department, which certified the tomatoes were firm, free from decay and were grade U. S. No. 1 at origin. It introduced a second inspection report made on January 15th at Philadelphia, which stated that the lading had shifted, a few crates were damaged, two per cent bacterial soft rot was present, and temperatures were low, ranging between forty and forty-four degrees throughout the car. On January 17th at Boston, another inspection was made and it showed an increased shift in the lading, six per cent of the tomatoes were bruised, temperatures of the tomatoes had fallen and ranged from thirty-six to forty-three degrees throughout the car, bunkers were one-fourth full of ice, an average of seventy per cent of the tomatoes were soft and only one per cent were firm ripe. The shipper proved its damages. This was proof of a prima facie case. Thompson v. Associated Growers of Brownsville, Tex. Civ.App., 162 S.W.2d 754. If, at that point, the carrier had done nothing, shipper would have had judgment, for shipper is under no duty to negative the existence of a defense. Galveston, H. & S. A. Ry. Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516; Atlantic Coast Line R. Co. v. Georgia Packing Co., 5 Cir., 164 F.2d 1.

■ While a bill of lading which receipts for produce in apparent good order is prima facie proof of the condition at origin, the bill of lading is not conclusive so that the carrier is forbidden its defense of inherent vice. Carrier may prove, but it has the burden to prove inherent vice. Cleburne Peanut & Products Co. v. Missouri, K. & T. Ry. Co., Tex.Com.App., 221 S.W. 270; Thompson v. San Pat Vegetable Co., Tex.Civ.App., 207 S.W.2d 195; Albers Bros. Milling Co. v. Hauptman, 9 Cir., 95 F.2d 286.

■ Carrier, in our opinion, presented enough evidence to raise a fact issue on its defense of inherent vice, and the trial court erred in disregarding the answer of the jury about the condition at origin. Carrier introduced what is known as the "rough notes" which were prepared at the time of the original inspection. Those notes were prepared by the same inspector who signed the Inspection Certificate offered by the shipper, and they showed that the tomatoes were within the tolerance permitted for U. S. No. 1 grade, but that there were some grade defects. The grade defects were described on the inspector's notes as "puffs". Carrier qualified an expert who then gave his interpretation of the origin inspection report and also the notes made at origin. He also interpreted the destination inspection report, and stated that at Boston the report showed an average of twenty per cent of the tomatoes were "puffy" and that growing condition, rather than transportation, caused tomatoes to be puffy. Other opinion evidence was that a puffy tomato is one that is not fully developed. The expert testified: "There are a certain number of segments in the tomato, and if that inner portion of the tomato does not develop fully, it leaves a space in there, and as a result a puffy tomato can be told quite often by its angular shape." He testified that the condition described as "puffs" exists in a tomato before it is harvested and is definitely a growing condition.

■ Carrier presented substantial testimony. Its expert, on the basis of the report and notes of the original inspector, testified that the tomatoes were abnormal at origin and contained the seeds of early destruction because of faulty growing conditions. This presented a clear issue of whether the deterioration of the tomatoes was caused by chilling and improper handling, as the shipper contended, or by growing conditions, as the carrier contended. The explanation and interpretation of the terms used in the reports which were in evidence, were proper matters for expert opinion. Reed v. Barlow, Tex.Civ.App., 157 S.W.2d 933. There was a jury issue on the condition of the tomatoes at origin. Griffin v. Gulf, Colorado and Santa Fe Railway Company, 298 S.W.2d 659, decided by this Court on January 23, 1957. The court, therefore, should not have disregarded the jury finding that the tomatoes were not in good condition at origin.

■ The other jury finding in question was that the soft condition of the tomatoes resulted solely from the nature of the shipment. The court disregarded that answer. There was evidence of substantial damage to the tomatoes which was not caused by the nature of the tomatoes. The report, both at Philadelphia and Boston, reflected low temperatures and the presence of ice in the bunkers, though the record does not reveal that the shipper ordered ice enroute. There was evidence of a shifted load and that six per cent of the tomatoes were bruised. A number of crates were broken and the contents damaged, and those causes were not excepted from the jury's consideration. Hence, the finding that the inherent vice was the sole cause is against the overwhelming preponderance of the evidence.

■ We conclude that the court erred in disregarding the jury finding that the tomatoes were not delivered to the carrier in good condition, but that the court correctly set aside the jury finding that the

soft condition of the tomatoes resulted solely from the nature of the tomatoes. The shipper had the burden to prove that it delivered the tomatoes to the carrier in good condition. We conclude that there was evidence which raised a fact issue. Because the answer to that issue was against it, the shipper failed to obtain a verdict which would support a judgment in its favor. The court should have granted judgment for the carrier.

There are counts concerning other shipments, but those counts are in no way questioned by this appeal. The judgment for shipper, Trautmann Brothers, on Count One, which concerned Car ART 21533, is reversed and rendered in favor of the carrier.

### On Motion for Rehearing

Shipper by its motion for rehearing urges that our disposition of the case was wrong. The purport of the first jury finding is that the shipper did not deliver the produce to carrier in good condition because the tomatoes possessed an inherent vice. By our opinion, we determined that the trial court properly set aside the second finding that the inherent vice was the sole cause of the soft condition of the tomatoes. We did this because the undisputed proof showed the presence of ice in the bunkers, which the shipper did not order, and also showed without dispute that there was rough handling by the carrier. In this state of the record, there were three causes of the damaged condition of the tomatoes, inherent vice, presence of unordered ice, and rough handling. The burden was not on the shipper, but was on the carrier to show what part of the damages was attributable to the shipper and what part to the carrier. The Vallescura, 293 U.S. 296, 55 S.Ct. 194, 197, 79 L.Ed. 373; Lee Roy Crawford Produce Co. v. Thompson, Tex.Civ.App., 228 S.W.2d 344, 347, reversed on other grounds, 149 Tex. 357, 233 S.W.2d 295, 297; Belcher v. Missouri, K. & T. Ry. Co. of Texas, 92 Tex. 593, 50 S.W. 559, 561; Thompson v. Tankersley, Tex.Civ.App., 238 S.W.2d 263, 265. Carrier concedes, in part, that this is true, for in its brief it states: "We believe the defendant (carrier) is responsible for any proven breakage, and so stated to the court below and are agreeable to paying for it."

Carrier had the burden to divide these damages under the law and its admission. We are unable to apportion the damages from the record, and can not render a judgment for either party upon the verdict. We, therefore, remand the cause for a complete retrial.

The motion for rehearing is granted in part, and the cause reversed and remanded.