TEXAS–ARIZONA MOTOR FREIGHT, INC., Appellant,

v.

William BENNETT, Appellee.

No. 10661.

Court of Civil Appeals of Texas.

Austin.

April 29, 1959.

Hardeman, Smith & Foy, San Angelo, for appellant.

Slater & Slater, Luling, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment against appellant for damages to a shipment of cigarette vending machines, and is based on four points to the effect that the evidence is insufficient to support the judgment because there is no evidence that the shipment was undamaged at the time

it was delivered to the initial carrier, and no evidence as to the market value of the vending machines in an undamaged condition, or in their damaged condition, and no proof that appellee is the holder or assignee of a valid bill of lading.

◼ The ten machines were ordered from a manufacturing company in Kansas City in November 1957 and were shipped from Little Rock, Arkansas to Luling, Texas by mesne carriers. By the Carmack Amendment, 49 U.S.C.A. § 20, the initial carrier and the delivering carrier are made liable to the holder of a valid bill of lading for any damage occurring in the course of transportation, such carriers are liable only for negligence. Panhandle & Santa Fe Railway Co. v. Andrews, Tex.Civ.App., 278 S.W. 478, er. dism.

If, however, a showing is made that the shipment was delivered to the initial carrier in good condition and received from the terminal carrier in bad condition, a prima facie case of negligence is made. Thompson v. San Pat Vegetable Company, Inc., Tex.Civ.App., 207 S.W.2d 195, er. ref., N.R.E.

Appellee was the only witness to testify in the case and we do not believe such testimony is sufficient to show that the shipment was undamaged at the time it was delivered to the initial carrier.

Appellant testified that he ordered some cigarette vending machines from a company in Kansas City and when he received the machines they were damaged considerably, on the inside of five and on the outside of the other five; that he first saw the machines in the freight office; that he paid $2,295 for the machines and that the amount of damages was $1,172.50.

◼ Mr. Bennett testified that he never saw the original bill of lading issued in Little Rock to the shipper by the carrier which initiated the carriage, and such was not introduced and no presumption of negligence was raised against the carrier. Missouri Pacific Railroad Company v. Trautmann Bros., Tex.Civ.App., 301 S.W. 2d 240, er. ref., N.R.E.; Texas & Pacific Railway Co. v. Empacadora De Ciudad Juarez, S.A., Tex.Civ.App., 309 S.W.2d 926, er. ref., N.R.E.

◼ The appellee did not prove the market value of the machines in an undamaged condition or in a damaged condition, and this would be the measure of damages, and consequently the judgment cannot be sustained. 8 Tex.Jur. "Carriers", Sec. 224, pp. 333-6; Matthews-Carr v. Brown Express, Tex.Civ.App., 217 S.W. 2d 75; East Texas Motor Freight Lines v. W. H. Hutchinson & Son, Tex.Civ.App., 241 S.W.2d 759, er. dism.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

GRAY, Justice (concurring).

I agree with the conclusion reached by Chief Justice ARCHER. The reversal of the trial court's judgment and remand of the cause is, in my opinion, a proper disposition of the appeal for the reason that the record shows that the cause was not fully developed due to the theory upon which it was tried and to rulings of the trial court.

Appellant's four points all complain that the evidence is not sufficient to support the judgment rendered. Point four seems to challenge the right of appellee to maintain the suit because the evidence is insufficient to show he is the owner, holder or assignee of a valid bill of lading.

Appellee testified that he purchased the machines and that they were delivered to him. There appears to be no controversy as to these facts and the further fact that the shipment originated at Little Rock, Arkansas. There was no bill of lading introduced in evidence.

The Carmack Amendment, 49 U.S.C.A. § 20, par. 11, in part provides:

"Any common carrier, railroad, or transportation company subject to the provisions of this chapter receiving property for transportation from a point in one State or Territory or the District of Columbia to a point in another State, Territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading, and no contract, receipt, rule, regulation, or other limitation of any character whatsoever shall exempt such common carrier, railroad, or transportation company from the liability imposed; and any such common carrier, railroad, or transportation company so receiving property for transportation from a point in one State, Territory, or the District of Columbia to a point in another State or Territory, or from a point in a State or Territory to a point in the District of Columbia, or from any point in the United States to a point in an adjacent foreign country, or for transportation wholly within a Territory, or any common carrier, railroad, or transportation company delivering said property so received and transported shall be liable to the lawful holder of said receipt or bill of lading *or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not,* for the full actual loss, damage, or injury to such property caused by it or by any such common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States, * * * Provided further, That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under the existing law; * * *" (Emphasis added.)

It is presumed that the receiving carrier obeyed the law and issued a bill of lading. Gamble-Robinson Commission Co. v. Union Pacific R. Co., 180 Ill.App. 256. The term "lawful holder" used in the amendment means the owner of the property transported, or one entitled to recover for its loss or damage, and the actual possession of a bill of lading is not a prerequisite to the right to sue. Pecos & N. T. R. Co. v. Meyer, Tex.Civ.App., 155 S.W. 309, Er. ref.

In order to support a judgment for damage to the machines in question there must be evidence to show delivery of the machines in good condition to the carrier, their delivery at destination in a damaged condition and the amount of the damage. When this has been shown the burden shifts to the carrier to show the cause of the damage and nonliability therefor. Thompson v. James G. McCarrick Co., 5 Cir., 205 F.2d 897; Lang v. Shofner, Tex. Civ.App., 175 S.W.2d 701.

The evidence shows that the machines were in a damaged condition at the time of their delivery at the destination. There is no evidence to show their condition at the time of delivery for shipment. Appellee testified, over appellant's objection, that he paid $2,295 for the machines. He did not undertake to qualify himself to testify as to such value and did not say this was the price for which the machines sold on the open market. See: 8 Tex.Jur., Carriers, Secs. 276 and 277. Adequate proof of value and of damage, of course, is necessary to support a recovery.

There is nothing to suggest that evidence sufficient to fully develop the case is not available and that if the cause had been tried on the theory that it was necessary to prove the condition of the machines at the place of the origin of the shipment such condition would not have been proved.

I concur in the reversal and remand of the cause.