THE ATTORNEY GENERAL
OF TEXAS
Austin, Texas 78711
ATTORNEY GENERAL



July 21, 1971

Honorable George N. Rodriguez, Jr.     Opinion No. M-912
County Attorney
El Paso County                          Re: Questions relating to
Room 201, City-County Building              authority to contract by
El Paso, Texas 79901                        El Paso County Hospital
                                            with private hospital for
                                            latter's patients at a
Dear Mr. Rodriguez:                         discounted fee rate.

        By your recent letter you have asked our opinion on the
following questions:

        "Does the El Paso County Hospital District and
        specifically R. E. Thomason General Hospital, have
        authority to contract with a privately owned hospital
        situated within the Hospital District whereby labora-
        tory tests pertaining to patients of the privately
        owned hospital are performed by R. E. Thomason
        General Hospital at a discounted fee rate?

        "Does the El Paso County Hospital District and
        specifically R. E. Thomason General Hospital, have
        authority to contract with private physicians in El
        Paso County, Texas, whereby laboratory tests pertain-
        ing to patients of the private physicians are performed
        by R. E. Thomason General Hospital at a discounted fee
        basis?"

        You further relate the following facts:  That recently
R. E. Thomason General Hospital acquired additional laboratory
equipment; that laboratory testing with this equipment has been
furnished by R. E. Thomason Hospital for a privately owned
hospital within the Hospital District; and that "during the
period that this agreement has been in effect no patient at
R. E. Thomason General Hospital has been denied or deprived
utilization of the new equipment.  In fact this new equipment
has a capacity for a twofold increase in the number of tests
presently conducted for both R. E. Thomason General Hospital
and Providence Memorial Hospital."  You further state that the
equipment is operated by personnel employed by R. E. Thomason

-4442-

General Hospital, including a pathologist who is a licensed medical doctor, on a monthly salary basis.

Our opinion is that the El Paso County Hospital District, and the R. E. Thomason General Hospital (hereinafter referred to as the hospital) and its medical staff, may under lawful contracts perform the laboratory tests under consideration but the existing terms of employment between the hospital and its medical doctor pathologist, with fees being charged for the doctor's services by the hospital, appear to violate the Medical Practice Act.

A hospital district has a constitutional obligation to care for the needy which, according to your recited facts, has and is being met. Art. IX, Sec. 4, Tex. Const.

The responsibility for the management and operation of the hospital is placed in a Board of Hospital Managers by the State Legislature by Article 4494, Section 5, Vernon's Civil Statutes, which reads, in part, as follows:

"... whose duties shall be to manage, control and administer the hospital or hospital system of the Hospital District. ..." (Emphasis added.)

Further, certain actions of the Board are subject to the approval of the Commissioners Court. Art. 4494h, Sec. 5b, Vernon's Civil Statutes.

As long as the Board fulfills its constitutional duty to care for indigents and needy persons, it may contract with others and perform services for others, in the field of health care when in the Board's judgment such contract is in the furtherance of its duty to "manage" or "administer" the needs and operations of the district.

You state that the licensed medical doctor pathologist, one of the employees of the hospital who performs the tests, is employed by the hospital on a monthly salary basis. Your two questions, quoted in full at the outset of this opinion, state that these tests " .... are performed by R. E. Thomason General Hospital . . ." at a discounted fee rate or basis. The statement of facts you presented to us indicated that the fee charged for the test is collected by the hospital in its own name and not in the name of the doctor. If such is the case, then the hospital district and the doctor are operating in violation of the Medical Practice Act. Art. 741, Vernon's Penal Code, and Art. 4505,

subd. 12, Vernon's Civil Statutes; Rockett v. Texas State Board of Medical Examiners, 287 S.W.2d 190 (Tex.Civ.App. 1956, error ref.); Watt v. Texas State Board of Medical Examiners, 303 S.W. 2d 884 (Tex.Civ.App. 1957, error ref.), cert. den. 356 U.S. 912; Attorney General's Opinions Nos. WW-278 (1957) and WW-1511 (1962). We suggest that all of the terms of the contract of employment between the hospital and its medical doctor personnel be examined in light of these authorities.

### S U M M A R Y

As long as it fulfills its constitutional duty to care for indigents and needy persons, a County Hospital District, through its Board of Mamagers, has authority to contract with private hospitals and doctors within the District for laboratory services at a discounted fee rate and vice versa by reason of the Board's duty and authority to manage and administer the Hospital District.

The contracts between the hospital and its medical doctor personnel must conform to the requirements of the Medical Practice Act.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam L. Jones, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ivan Williams
Arthur Sandlin
Charles Parrett
Robert Lemens

MEADE F. GRIFFIN
Staff Legal Assistant