# Court of Appeals

## Tenth Appellate District of Texas

———————————

10-24-00225-CV

———————————

Dudley Construction, Ltd.,
Appellant

v.

Cross Roads Concrete Services, Inc.,
Appellee

———————————

On appeal from the
272nd District Court of Brazos County, Texas
Judge John L. Brick, presiding
Trial Court Cause No. 22-000952-CV-272

———————————

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Dudley Construction, Ltd. appeals from the trial court's judgment, rendered after a trial before the court, in this breach of contract suit brought by Cross Roads Concrete Services, Inc.  In six issues, Dudley complains of the trial court's findings of fact and conclusions of law, the award of prejudgment interest, and the trial court's failure to properly interpret Dudley's contractual rights and to incorporate the terms of the parties' Rule 11 Agreement into the

judgment. Because we agree the award of prejudgment interest is erroneous, we modify the judgment to delete that award. We affirm as modified.

## BACKGROUND

Dudley, as general contractor, contracted with the City of College Station on a project to build an athletic complex. Cross Roads, a subcontractor on the project, did not construct box culverts in accordance with the requirements for the project. Rather than removal and replacement of the defective box culverts, the City accepted an alternative repair technique. However, the City initially wanted Dudley to furnish an eight-year extended warranty to correct any future issues, backed up with a bond. Dudley demanded that Cross Roads provide the warranty and bond. Cross Roads completed the alternative repairs, but did not provide a warranty secured by a bond.

Concerned about Dudley's potential liability to the City, Dudley withheld payment to Cross Roads, waiting for Cross Roads to obtain a bond. Cross Roads filed suit against Dudley for breach of contract and breach of fiduciary duty due to nonpayment of amounts owed to Cross Roads. Dudley filed a counterclaim for breach of contract.

A trial before the court was held in January 2023. The parties signed a Rule 11 Agreement in February 2023 addressing Dudley's concerns about potential liability to the City. In the Agreement, Dudley agreed to provide

Cross Roads and the City a video of Dudley's inspection of the culverts, and Cross Roads agreed to obtain specified documents from the City. Cross Roads was also to submit a maintenance agreement to the City for its approval. The maintenance agreement was to be secured by a bond and was to end on June 2, 2027, eight years after the box culvert was completed. The Rule 11 Agreement provided that, if the City failed to execute all of the documents and/or does not accept the maintenance agreement, the parties will provide the trial court with a report on the documents and any arrangements on the maintenance agreement. Finally, the Rule 11 Agreement provided that "[t]he Court will consider this written report in its ruling for judgment."

In October 2023, the trial court granted Cross Roads's motion to sever and entered an order severing all of Dudley's claims and causes of action asserted in this matter against Cross Roads.

On January 8, 2024, the trial court signed a judgment in favor of Cross Roads, ordering that Cross Roads recover from Dudley a total of $85,504.44 owed pursuant to the contract, prejudgment interest of 1.5% each month from the date each of three payments was due until the date of the judgment, attorney's fees of $54,332.00, plus court costs, postjudgment interest, and conditional attorney's fees on appeal.

On January 11, 2024, Dudley filed a proposed final judgment, which the court signed on January 31, 2024. In that judgment, the court again found in Cross Roads's favor and awarded it $85,504.44 pursuant to the contract but awarded attorney's fees of $35,792.00. This judgment awarded prejudgment interest at the rate of 8.5%, beginning September 21, 2022, court costs, and postjudgment interest at 8.5%, as well as conditional appellate attorney's fees. On February 5, 2024, the trial court signed an order setting aside the January 8, 2024 judgment.

On March 15, 2024, the trial court signed its Findings of Fact and Conclusions of Law. The court found and concluded that Dudley breached the contract by failing to pay $10,025.93, $33,163.93, and $42,315.60, totaling $85,505.46, and that Cross Roads shall recover attorney's fees in the amount of $54,330.00, prejudgment interest at the rate of 1.5% pursuant to Texas Property Code Chapter 28, and conditional appellate attorney's fees. The court also concluded that Dudley's actions violated Texas Property Code Sections 162.001 and 162.003.

On March 25, 2024, Dudley filed a request for amended and additional findings of fact and conclusions of law complaining that the March 15 findings and conclusions do not support the January 31 judgment. Although the January 31 judgment finds in favor of Cross Roads, Dudley's amended and

additional findings and conclusions would support a judgment finding Dudley did not breach the contract, is not liable for breach of fiduciary duty, Chapter 28 does not apply to its project with the City, and Cross Roads failed to adequately plead for prejudgment interest.

On April 18, 2024, the trial court signed an order setting aside the January 31, 2024 judgment, noting in the order that the March 15, 2024 findings of fact and conclusions of law do not support the January 31 judgment. The order also stated that the court will "sign the revised Judgment consistent with the Court's Findings of Fact and Conclusions of Law."

Also on April 18, 2024, the trial court signed a judgment ordering that Cross Roads recover from Dudley amounts totaling $85,504.44, accruing prejudgment interest at the rate of 1.5% per month, attorney's fees of $35,792.00, court costs, postjudgment interest, and conditional appellate attorney's fees.

Finally, also on April 18, 2024, the trial court signed the Amended and Additional Findings of Fact and Conclusions of Law submitted by Dudley on March 25. As set out above, those findings and conclusions were in favor of Dudley and therefore conflicted with the judgment of April 18.

Cross Roads filed a motion to vacate the Amended and Additional Findings of Fact and Conclusions of Law because they do not support the relief

granted in the judgment. Similarly, on May 8, 2024, Dudley filed a request for findings of fact and conclusions of law. About a week later, Dudley filed its motion for new trial asserting that "the repeated procedural defects and process in handling these postjudgment submissions have prejudiced Dudley's appellate rights." Dudley asked the court to vacate the April 18, 2024 judgment and enter a new judgment that comports with the Amended and Additional Findings of Fact and Conclusions of Law. The trial court rendered no further orders, and Dudley filed its notice of appeal.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In its first issue, Dudley asserts that the judgment must be reformed or reversed because it does not conform to the Amended and Additional Findings of Fact and Conclusions of Law signed on the same day. In its second issue, Dudley contends alternatively that if this Court interprets the trial court's actions as having failed to make findings of fact and conclusions of law applicable to the April 18 judgment, that failure is error.

Dudley cites to the general rule that findings of fact and conclusions of law filed after a judgment are controlling if there is any conflict between them and the judgment, if there is any evidence in the record to support the findings. *See City of Laredo v. R. Vela Exxon, Inc.*, 966 S.W.2d 673, 678 (Tex. App.—San Antonio 1998, pet. denied). Dudley therefore asserts the April 18 Amended

and Additional findings and conclusions are controlling. The general rule notwithstanding, due to the procedural history of this case, the question requires further scrutiny.

In *Waters v. Yockey*, 192 S.W.2d 769 (Tex. 1946), the trial court filed two conflicting sets of findings and conclusions after rendition of a single judgment. The Supreme Court had to determine which set controlled before it could determine if there was a conflict between the findings and judgment. The Court explained that if the trial judge intended the second set to supplement the first set, to be construed together, then no judgment could be based on the findings because they "are materially in conflict." *Id.* at 769. But if the trial court intended the second set of findings to be substituted for the first set of findings, then the first set of findings must be disregarded, and judgment should be based on the second set of findings. *Id.* In reviewing the trial court's findings and conclusions in this case, we determine, as did the *Waters* court, that "[t]he problem presented involves merely the ascertainment of the intention of the trial judge." *Id.*

Procedurally, the case before us traveled a more erratic path than *Waters*. There, two sets of conflicting findings and conclusions were filed after a single judgment. Here, a judgment was rendered, a second judgment was rendered, the first judgment was set aside, findings and conclusions were

signed, the second judgment was set aside, then a third judgment was rendered, and finally, a second set of findings and conclusions was signed. The trial court's April 18 order setting aside the second judgment indicated the trial court's intention to sign a revised judgment consistent with the March 15 findings and conclusions. Therefore, that order is tantamount to a reaffirmance of the March 15 findings and conclusions. Yet, on the same date, the trial court signed Dudley's Amended and Additional findings and conclusions, creating a conflict between the two sets of findings. We apply the *Waters* rationale to determine which set of findings and conclusions the trial court intended to rely on in support of the judgment.

In each of the three judgments, the trial court found that Dudley breached its contract with Cross Roads. The April 18 order setting aside the January 31 judgment indicates that the March 15 findings of fact and conclusions of law favoring Cross Roads were correct. Moreover, with the exception of dollar amounts awarded, there is no difference between the March 15 findings of fact and conclusions of law and the April 18 judgment, which favors Cross Roads. In contrast, Dudley's Amended and Additional Findings of Fact and Conclusions of Law, which when filed addressed the January 31 judgment, would not support a judgment in favor of Cross Roads. In the April 18 order setting aside the January 31 judgment, the trial court

indicated its intention to sign a judgment that accurately reflected the findings of fact and conclusions of law signed on March 15. We cannot conclude that the trial court intended the second set of findings should be substituted for the first set of findings, and that the second set should control in the disposition of the case. Instead, we conclude that the trial court's April 18 Amended and Additional Findings of Fact and Conclusions of Law were the result of a mistake. Therefore, the April 18 Amended and Additional Findings of Fact and Conclusions of Law must be disregarded. *See id.* The April 18 judgment conforms to the March 15 findings of fact and conclusions of law as intended by the trial court. We overrule Dudley's first and second issues.

## PREJUDGMENT INTEREST

In its third issue, Dudley asserts the trial court erred by awarding prejudgment interest according to the Texas Property Code's Prompt Payment Act. Dudley argues that statute does not apply to a public works project pursuant to a government contract. Furthermore, Dudley asserts that Cross Roads failed to properly plead for statutory prejudgment interest. In its fourth issue, Dudley asserts that Cross Roads may not recover equitable prejudgment interest because Cross Roads did not plead for such interest.

An appellate court reviews a trial court's prejudgment interest award under an abuse of discretion standard. *See Bufkin v. Bufkin*, 259 S.W.3d 343,

356 (Tex. App.—Dallas 2008, pet. denied). To determine if there was an abuse of discretion, we must decide if the lower court acted without reference to any guiding rules or principles. *Id.*

Prejudgment interest may be awarded pursuant to an enabling statute or general principles of equity. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). Where a breach of contract claim does not fall within any enabling statute, equitable principles govern the award of prejudgment interest. *See Trevino v. City of Pearland*, 531 S.W.3d 290, 297 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Statutory interest may be predicated on a prayer for general damages. *Benavidez v. Isles Constr. Co.*, 726 S.W.2d 23, 25 (Tex. 1987). Where prejudgment interest is sought at common law as an element of the damages, a plaintiff must plead for it. *Id.*

In its petition, Cross Roads presented claims for breach of contract and breach of fiduciary duty. In addition to a request for damages, it pleaded for "interest as allowed by law." In its March 15 conclusions of law, the trial court concluded that "[p]ursuant to Prompt Payment Act, Texas Property Code Chapter 28, Cross Roads is entitled to recover prejudgment interest at the rate of 1.5% each month which accrues from the date that each draw was due until entry of the judgment." The April 18 judgment applied the prejudgment interest scheme set out in the Prompt Payment Act, ordering that Cross Roads

recover from Dudley prejudgment interest of 1.5% each month from the date three separate payments were due until the date of the judgment.

Cross Roads did not plead a cause of action based on the Texas Property Code's Prompt Payment Act. *See* TEX. PROP. CODE ANN. §§ 28.001-28.010. After rendition of the January 31, 2024 judgment, Cross Roads filed a "Motion to Reconsider and Reform the Judgment Dated January 31, 2024 or Alternatively a New Trial" in which it argued that the Act applied and it was entitled to prejudgment interest pursuant to that Act. We disagree.

Section 28.002 requires an "owner" to promptly pay a contractor for work performed pursuant to a contract, and it requires contractors to promptly pay subcontractors for their work upon receipt of payment from the owner. *Id*. § 28.002(a), (b). The Act defines "owner" as a person or entity, other than a governmental entity, with an interest in real property that is improved, for whom an improvement is made, and who ordered the improvement to be made. *Id*. § 28.001(4). Dudley, as general contractor, contracted with the City of College Station, a governmental entity. Therefore, the property code's Prompt Payment Act does not apply.

Cross Roads pleaded a breach of contract claim but has not asserted, in its petition or briefing, that the contract at issue contains a provision allowing it to recover prejudgment interest or that it is entitled to prejudgment interest

on the basis of equity. *See Benavidez*, 726 S.W.2d at 25. We conclude that the trial court abused its discretion in awarding prejudgment interest to Cross Roads. *See Bufkin*, 259 S.W.3d at 356. Accordingly, we delete the award from the trial court's judgment. We sustain Dudley's third and fourth issues.

## DUDLEY'S CONTRACTUAL RIGHTS

In its fifth issue, Dudley asserts that pursuant to its contract with Cross Roads Dudley has the right to withhold funds as necessary to protect Dudley from loss. Dudley cited to the record and opined that it had to withhold funds. Dudley's final paragraph under issue five states as follows:

> The evidence is legally and factually insufficient to support any finding, express or implied, that Dudley breached its agreement with Cross Roads by not making the payments demanded by Cross Roads. The evidence establishes as a matter of law that Dudley had the authority to withhold the funds from Cross Roads. The trial court abused its discretion in failing to correctly interpret the contractual provisions which provide Dudley with the authority to withhold the funds demanded by Cross Roads.

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Even though we must construe briefing requirements reasonably and liberally, a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support its contentions. *San*

*Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The failure to provide appropriate record citations, argument and a substantive analysis waives an appellate issue. *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015). A point that is merely an abstract proposition of law or a general complaint about the trial court's actions is too general and indefinite to merit review. *Pac. Emp'rs Ins. Co. v. Dayton*, 958 S.W.2d 452, 455 (Tex. App.—Fort Worth 1997, pet. denied).

Although Dudley cited to the record, it failed to cite to authority or provide a substantive analysis. Dudley did not tie its contractual theory to contract construction law or accurately articulate and apply the appropriate standard of review. Dudley has waived its fifth issue, which we accordingly overrule. *See Ross*, 462 S.W.3d at 500.

## THE RULE 11 AGREEMENT

In its sixth issue, Dudley contends the trial court abused its discretion by failing to incorporate the protections contemplated in the parties' Rule 11 Agreement. It asserts that its proposed remedy was for Dudley to continue to withhold payment to secure against necessary repairs until June 2, 2027, or until Cross Roads provided a warranty secured by a bond. Dudley argues that the trial court's failure to adopt Dudley's proposed remedy constituted a fundamental change in the contractual positions of the parties.

In the Agreement, Dudley agreed to provide the City and Cross Roads with a video of its January 23, 2020 inspection of the culverts, and Cross Roads agreed it would obtain certain documents from the City. The Agreement further provided that if the City fails or refuses to execute all of the documents and/or the City does not accept the maintenance agreement and bond provided by Cross Roads by a specified date, "the attorneys will provide the Court with a written report on the documents executed by the City and any arrangements on the Cross Roads's maintenance agreement with bond. The Court will consider this written report in its ruling for judgment." The Agreement was signed on February 10, 2023.

A trial court has a ministerial duty to enforce a valid Rule 11 Agreement. *See Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health and Human Servs.*, 540 S.W.3d 553, 560 (Tex. 2018) (per curiam). A trial court's decision regarding enforcement of a Rule 11 Agreement is reviewed for abuse of discretion. *See Mantas v. Fifth Ct. of Appeals*, 925 S.W.2d 656, 659 (Tex. 1996) (orig. proceeding) (per curiam).

Here, the City did not agree to execute any of the documents referenced in the Agreement. The City was not a party in this case and could not be forced to execute any of the documents presented to it. Under the terms of the Agreement, the trial court was to "consider" the report provided by the parties'

attorneys. The trial court was under no obligation to render a judgment that would adopt Dudley's proposed remedy. Based on the wording of the Agreement, the trial court did not fail to enforce it. Dudley has shown no abuse of discretion regarding the Rule 11 Agreement. *See id.* We overrule Dudley's sixth issue.

## CONCLUSION

Because we determine that the Amended and Additional Findings of Fact and Conclusions of Law must be disregarded, the trial court's judgment need not be reformed to conform with those findings and conclusions. Further, the trial court did not abuse its discretion regarding enforcement of the parties' Rule 11 Agreement. However, because the trial court erred in awarding prejudgment interest to Cross Roads, we delete the portions of the April 18, 2024 judgment awarding accrued prejudgment interest of 1.5% each month from the date each of three payments were due until the date of the judgment. As modified, we affirm the trial court's judgment.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED:  October 2, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed as Modified
CV06

